UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BETTE J. RIVARD, as Administratrix of
the Estate of JOHN A. HORTON

    Plaintiff,

vs.

DARTMOUTH HOUSE OF
CORRECTION, BRISTOL COUNTY,
JOHN DOE, RICHARD ROE Bristol
County Corrections Employees the identity
and number of whom is presently unknown
to the Plaintiff
    Defendants

Civil Action No.: _____

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

**04 CV 12058 WGY**

## I. PRELIMINARY STATEMENT

Plaintiff by her attorneys, Proulx Law Associates, P.C., for her complaint, respectfully allege:

1. This is an action for money damages arising under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983, et seq., to Recover:

   a. for 42 U.S.C. § 1983 Wrongful Death and the Massachusetts wrongful death statute;

   b. for monetary damages as a result of the wrongful death of John A. Horton;

   c. for failure to provide medical treatment on numerous occasions is the "deliberate indifference" to Mr. Horton's serious medical needs as defined by 42 U.S.C. § 1983;

   d. for great conscious pain and suffering that Mr. Horton was forced to endure before his death;

   e. for the loss of consortium of Mr. Horton's family members;

   f. for punitive monetary damages as a result of the wrongful death of John A. Horton;

   g. for monetary damages as a result of the negligent, arbitrary and capricious assessment of Mr. Horton's medical treatment and or condition;

Proulx Law Associates, P.C.
Attorneys at Law
170 High Street, Suite 301
Taunton, MA 02780-3536
(508) 823-6441

  h. for monetary damages as a result of the harassment and civil rights violations;

  i. Such other and further relief as this Court may deem necessary and appropriate.

2. The Plaintiff, Bette J. Rivard brings this civil rights action against the above named Defendants to recover damages for violation of John A. Horton's civil rights under the Eighth Amendment to the United States Constitution and under the laws of the Commonwealth of Massachusetts.

3. It is alleged that Defendant corrections employee(s)/officer(s) denied John A. Horton necessary medical attention.

4. It is alleged that John A. Horton was pronounced dead on or about September 29th, 2002.[1]

5. It is alleged that John A. Horton died from subacute encephalitis.[2]

6. It is alleged that Bristol County is liable for the actions of its' corrections employee(s)/officer(s) as the County maintained policies or customs of deliberate indifference to the rights of citizens by failing to properly investigate allegations of misconduct by corrections employee(s)/officer(s), by failing to properly supervise corrections employee(s)/officer(s), and failing to properly train employee(s)/officer(s) and supervisors.

7. It is alleged that John A. Horton's illness remained untreated for a significant period of time prior to his death while he was incarcerated in The Dartmouth House of Correction.

8. It is alleged that John A. Horton made repeated requests for medical attention and each of his requests for treatment were denied.

Proulx Law Associates, P.C.
Attorneys at Law
170 High Street, Suite 301
Taunton, MA 02780-3536
(508) 823-6441

---

[1] See copy of death certificate. Attached hereto and made part hereof as EXHIBIT A

[2] See copy of autopsy report. Attached hereto and made part hereof as EXHIBIT B.

**COMPLAINT AND DEMAND FOR JURY TRIAL**        *Page -2- of -8-*

9. It is alleged that Dartmouth House of Corrections' employee(s)/officer(s) denied Mr. Horton medical treatment necessary to save his life.

10. It is alleged that medical treatment would have saved John Horton's life.

11. It is alleged that the denial of the necessary medical treatment for Mr. Horton's illness was the direct and proximate result of the said acts of the Defendants.

12. The Dartmouth House of Correction, Bristol County and various Bristol County Corrections employee(s)/officer(s) are liable for the actions of its' corrections employee(s)/officer(s) as the Commonwealth, Bristol County and Bristol County corrections department maintained policies or customs of deliberate indifference to the rights of inmates by failing to provide medical care, failing to properly investigate allegations of misconduct by corrections employee(s)/officer(s), failing to properly supervise corrections employee(s)/officer(s), and failing to properly train corrections employee(s)/officer(s) and supervisors.

## II.   JURISDICTION

13. This action is brought pursuant to 42 U.S.C. § 1983 and 1988. Jurisdiction is established by 42 U.S.C. §§ 1331 and 1343. Plaintiff invokes the pendant jurisdiction of this Court to hear a state civil rights claim.

## III.   PARTIES

14. John A. Horton was at all material times a resident of the City of Taunton, Bristol County, Massachusetts.

15. The Plaintiff, Bette J. Rivard, is the Administratrix of the estate of John A. Horton. Letters of of Administration were granted to her by the Taunton Probate Court on or about 09/23/2004. She is a resident of the City of Taunton, Bristol County, Massachusetts.

16. Defendant Dartmouth House of Correction was at all times material to this complaint a duly established corrections facility within the Commonwealth of Massachusetts and Bristol County.

Proulx Law Associates, P.C.
Attorneys at Law
170 High Street, Suite 301
Taunton, MA 02780-3536

(508) 823-6441

COMPLAINT AND DEMAND FOR JURY TRIAL                                         Page -3- of -8-

17. Defendant employee corrections employee(s)/officer(s) were at all times material to this complaint duly appointed and acting member(s) of the Dartmouth House of Correction.

18. Defendant corrections employee(s)/officer(s) were at all times material to this complaint duly appointed and acting member(s) of the Bristol County Corrections Department.

19. Defendant Bristol County is a municipality duly incorporated under the laws of the Commonwealth of Massachusetts.

20. At all times material to this complaint the Defendants acted under color of law, to wit: under color of the statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Massachusetts and/or Bristol County and the Bristol County Department of Corrections.

## IV.  FACTS

21. In or about July of 2002, John A. Horton began complaining that he was in need of medical treatment.

22. John A. Horton made several requests for medical treatment filing the necessary requests both orally and in writing.

23. Each request that Mr. Horton made for medical treatment prior to his death was denied.

24. The denial of medical treatment and deliberate indifference to the serious medical needs of Mr. Horton amounts to cruel and unusual punishment causing the unnecessary and wanton infliction of pain to Mr. Horton.

25. John A. Horton died on 09/29/2002.

26. The cause of death on the autopsy report is listed as "subacute encephylitis".[3]

Proulx Law Associates, P.C.
Attorneys at Law
170 High Street, Suite 301
Taunton, MA 02780-3536

(508) 823-6441

---

[3] See copy of autopsy report. Attached hereto and made part hereof as EXHIBIT B.
**COMPLAINT AND DEMAND FOR JURY TRIAL**                              Page -4- of -8-

27. As a direct and proximate result of the said acts of the Defendants John A. Horton suffered the following injuries and damages:

    a. Violation of his Constitutional rights under the Eighth Amendment to the United States Constitution against cruel and unusual punishment;
    b. Loss of his life;
    c. Physical pain and suffering and emotional trauma and suffering.

28. Plaintiff Bette J. Rivard suffered the untimely end of her relationship with her son, with the corresponding loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and was forced to incur funeral and burial expenses.

29. The actions of the Defendants violated the following clearly established and well settled federal constitutional rights of John A. Horton:
    a. The imposition of cruel and unusual punishment.

## COUNT I
### VIOLATION OF 42 U.S.C. § 1983-WRONGFUL DEATH

30. Paragraphs 1 through 29 of this complaint are incorporated herein by reference as though fully set forth.

31. Plaintiff Bette J. Rivard claims damages for the wrongful death of John A. Horton and for her loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and for funeral and burial expenses under 42 U.S.C. § 1983 and the Massachusetts Wrongful Death Statute.

## COUNT II
### 42 U.S.C. § 1983-SURVIVAL ACTION

32. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth.

Proulx Law
Associates, P.C.
Attorneys at Law
170 High Street, Suite 301
Taunton, MA 02780-3536

(508) 823-6441

33. John A. Horton was forced to endure great conscious pain and suffering, and to be attended by physicians and to incur expenses for such medical treatment, before his death.

34. John A. Horton filed no action during his lifetime, but under the laws of the Commonwealth of Massachusetts this action survives and may be asserted by his Estate.

35. Plaintiff Bette J. Rivard claims damages for the conscious pain and suffering and necessary medical and burial expenses incurred by John A. Horton, under 42 U.S.C. § 1983.

## COUNT III
## 42 U.S.C. 1983 MUNICIPAL LIABILITY OF DEFENDANTS DARTMOUTH HOUSE OF CORRECTION, BRISTOL COUNTY AND IT'S EMPLOYEES

36. Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth.

37. Prior to September 29th, 2002, Defendant Dartmouth House of Correction and Bristol County developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the Dartmouth House of Correction which caused the deprivation of John A. Horton's constitutional rights.

38. It was the policy or custom of the Dartmouth House of Correction and Bristol County to inadequately and improperly investigate citizen/inmate complaints and complaints of employee(s)/officer(s) misconduct.

39. The Defendants Dartmouth House of Correction and Bristol County had a policy or custom of failing to properly supervise employee(s)/officer(s).

40. The Defendants Dartmouth House of Correction and Bristol County was grossly negligent to the point of deliberate indifference to citizen's rights in failing to supervise and discipline employee(s)/officer(s) such as the Defendants for their misconduct so as to deter such conduct.

Proulx Law
Associates, P.C.
*Attorneys at Law*
170 High Street, Suite 301
Taunton, MA 02780-3516
(508) 823-6441

41. The Defendants Dartmouth House of Correction and Bristol County were grossly negligent the point of exhibiting deliberate indifference to well established constitutional rights of John A. Horton when through the above-described policies, if foreseeable caused the Defendant(s) to believe that his acts of misconduct, as alleged above, would not be investigated and would be tolerated.

42. The above policies and customs of the Defendants Dartmouth House of Correction and Bristol County were the moving force behind the acts of the Defendants as described above and caused John A. Horton's injuries as described above.

## COUNT IV
### MASSACHUSETTS WRONGFUL DEATH STATUTE, M.G.L. C. 229 § 2 AGAINST ALL DEFENDANTS.

43. Paragraphs 1 through 42 are incorporated herein by reference as though fully set forth.

44. The acts and omissions of the Dartmouth House of Correction and Bristol County as aforesaid, violated John A. Horton's civil rights as provided for in M.G.L. c. 229 by failing to provide necessary medical treatment that would have saved John Horton's life.

45. As a direct and proximate result of the violations of M.G.L. c. 229 § 2, the Plaintiff suffered the injuries and damages described above.

> WHEREFORE, the Plaintiff requests that this Court:
> a. Award compensatory damages against the Defendants;
> b. Award punitive damages against Defendants;
> c. Award the costs of this action, including attorney's fees, to the Plaintiff; and
> d. Award such other and further relief as this Court may deem necessary and appropriate.

Dated this the 24th day of September, 2004.

PLAINTIFF,
By her Attorney,

Proulx Law Associates, P.C.
Attorneys at Law
170 High Street, Suite 301
Taunton, MA 02780-1536

(508) 823-6441

*[Signature: Robert M. Proulx, Esq.]*
Robert M. Proulx, Esquire
**Proulx Law Associates, P.C.**
*Attorneys at Law*
170 High Street, Suite 301
Taunton, Massachusetts 02780-3536
Phone: (508) 823-6441
Fax:    (508) 823-6443
BBO# 640653


**THE PLAINTIFF DEMANDS A TRIAL BY JURY IN THE DISTRICT COURT.**

Dated this the 24th day of September, 2004.

PLAINTIFF,
By her Attorney,

*[Signature: Robert M. Proulx, Esq.]*
Robert M. Proulx, Esquire
**Proulx Law Associates, P.C.**
*Attorneys at Law*
170 High Street, Suite 301
Taunton, Massachusetts 02780-3536
Phone: (508) 823-6441
Fax:    (508) 823-6443
BBO# 640653

Proulx Law
Associates, P.C.
*Attorneys at Law*
170 High Street, Suite 301
Taunton, MA 02780-3536

(508) 823-6441

*COMPLAINT AND DEMAND FOR JURY TRIAL*                    Page -8- of -8-

## The Commonwealth of Massachusetts
### STANDARD CERTIFICATE OF DEATH
### REGISTRY OF VITAL RECORDS AND STATISTICS

REGISTERED NUMBER: 1245

| Field | Value |
|---|---|
| DECEDENT - NAME (First, Middle, Last) | John Albert Horton |
| SEX | M |
| DATE OF DEATH | Sept. 29, 2002 |
| PLACE OF DEATH (City/Town) | New Bedford |
| COUNTY OF DEATH | Bristol |
| HOSPITAL OR OTHER INSTITUTION | St. Lukes Hospital |
| PLACE OF DEATH | Hospital - Inpatient |
| SOCIAL SECURITY NUMBER | 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 |
| IF US WAR VETERAN, SPECIFY WAR | -- |
| WAS DECEDENT OF HISPANIC ORIGIN? | No |
| RACE | White |
| DECEDENT'S EDUCATION | 12 |
| AGE - Last Birthday | 33 |
| DATE OF BIRTH | Oct. 26, 1968 |
| BIRTHPLACE | Taunton, MA |
| MARRIED/NEVER MARRIED/WIDOWED OR DIVORCED | Never Married |
| LAST SPOUSE | None |
| USUAL OCCUPATION | Landscaper |
| KIND OF BUSINESS OR INDUSTRY | Landscaping |
| ZIP CODE | 02780 |
| RESIDENCE | 86 Alfred Lord Blvd., Taunton, Bristol, MA |
| FATHER - FULL NAME | George Horton |
| STATE OF BIRTH | MA |
| MOTHER - NAME (Given) (Maiden) | Bette Rivard |
| STATE OF BIRTH | MA |
| INFORMANT'S NAME | Melanie Donovan |
| MAILING ADDRESS | 19 Rosemont Rd., Weymouth, MA 02188 |
| RELATIONSHIP | Aunt |
| METHOD OF IMMEDIATE DISPOSITION | Cremation |
| FUNERAL SERVICE LICENSEE | J. Kevin Corbett |
| LICENSE # | 5448 |
| PLACE OF DISPOSITION | Woodlawn North Purchase |
| LOCATION | Attleboro, MA |
| DATE OF DISPOSITION | October 3, 2002 |
| NAME AND ADDRESS OF FACILITY | Taunton Funeral Home, 8 Crapo St., Taunton, MA 02780 |

### PART I - Cause of Death

a. IMMEDIATE CAUSE: Subacute encephalitis.
Approximate Interval Between Onset and Death: Unknown

| Field | Value |
|---|---|
| WAS AUTOPSY PERFORMED? | Yes |
| WERE AUTOPSY FINDINGS AVAILABLE PRIOR TO COMPLETION OF CAUSE OF DEATH? | Yes |
| MED EXAM NOTIFIED? | Yes |
| MANNER OF DEATH | Natural |
| DATE SIGNED (Medical Examiner) | October 21, 2002 |
| PRONOUNCED DEAD | September 29, 2002 |
| HOUR OF DEATH | 6:20 p. |
| NAME AND ADDRESS OF CERTIFYING PHYSICIAN OR MEDICAL EXAMINER | George Kury, M.D., 870 County Road, Pocasset, MA 02559 |
| LICENSE NO | 28266 |
| WAS THERE A PRONOUNCEMENT FORM? | No |
| DATE BURIAL PERMIT ISSUED | October 1, 2002 |
| PERMIT # | 961 |
| RECEIVED IN THE CITY/TOWN OF | New Bedford |
| ACTING CLERK'S SIGNATURE | Rita D. Arruda |
| DATE OF RECORD | Oct. 23, 2002 |
| SIGNATURE OF HEALTH AGENT | Ann L. Cottrill, RN |

Date Issued _____
A TRUE COPY ATTEST

*Rita D. Arruda*
CITY CLERK - NEW BEDFORD, MA

EXHIBIT A

20023007                          JOHN HORTON                                Page 1



# Commonwealth of Massachusetts

# OFFICE OF THE CHIEF MEDICAL EXAMINER

## Postmortem examination Report

Postmortem examination report Status: Final        CaseNumber: 20023007

Name:     JOHN HORTON            Age: 33           Race: WHITE    Gender: MALE
Address:  HOUSE OF CORRECTIONS/DARTMOUTH, DARTMOUTH
Date of Death:                   Sunday, September 29, 2002
Date of autopsy:                 Tuesday, October 01, 2002

Cause of death: Subacute encephalitis.

Other Conditions:

Manner of Death: Natural

Signature: _____
            Pathologist        Kury, George MD

EXHIBIT B

20023007                                JOHN HORTON                                Page 2

### HISTORY:
John Horton, 33 years old, an inmate of the House of Correction, Dartmouth, MA, was found unresponsive in his room. He was transported to the St. Luke's Hospital, New Bedford, MA. CT scan revealed cerebral edema with cerebellar herniation, enlargement of all cerebral ventricles and a focal area of low density in the right temporal lobe anteriorly. He expired within 24 hours after admission and was pronounced dead at 6:20 p.m. on September 29, 2002.

Past medical history: Mr. Horton was known to be HIV positive for several years.

### AUTOPSY:
The postmortem examination was performed at the Office of the Chief Medical Examiner, located at 870 County Road, Pocasset, Massachusetts on October 1, 2002 starting at 11:00 a.m.

Authority: Dr. George Kury, Medical Examiner and Pathologist.

### Present and Assisting During the Procedure:
Police Present: Trooper Patricia Beehan, Crime Scene Investigations of the Massachusetts State Police.

Witness during autopsy: Paul Talusan, Medical Examiner technician.

### Evidence of Treatment:
There is an ET tube in place. There are IV catheters in the left antecubital fossa and in the left forearm.

### Identifying Marks:
There is a 9 cm long vertical lower midline abdominal scar.

There is a tattoo on the lateral aspect of the left upper arm depicting a head with a hat. There is a tattoo of a dollar sign on the dorsum of the right hand.

### Identification:
The body was identified in the autopsy room by affixed name tags.

### EXTERNAL EXAMINATION:
The body is that of a well developed, normal white male. The body build is large. The apparent age of 33 years corresponds with the recorded age of 33 years. The body length is 74 inches. Nutritional status is average. The estimated body weight is 190 pounds. The preservation of the body is good. The body is not embalmed.

Hair: The hairline is normal. The head hair is brown, straight and measures about 0.2 cm in average length. The sideburns are continuous with a short full beard and mustache. The body hair is plentiful.

Scalp: Unremarkable.

Ears: Unremarkable.

Eyes: The eyes are closed. The corneas are slightly cloudy. The irides are brown, the pupils are round and equal measuring 0.2 cm in diameter each.

Nose: Unremarkable.

Mouth: Unremarkable.

Teeth: Edentulous. No upper and lower teeth are present.

Face: Unremarkable.

Neck: Straight and unremarkable.

Pectorals and breasts: Symmetrical.

Abdomen: Flat.

**EXHIBIT B**

20023007                       JOHN HORTON                              Page 3

Limbs: Equally and symmetrically developed.

Genitalia: Uncircumcised male.

Back and buttocks: Unremarkable. No traumatic injuries are seen.

**Rigidity:**
Postmortem rigidity is full and well developed.

**Lividity:**
Postmortem lividity is developed on the back.

**EVIDENCE OF TRAUMA:**
None.

**INTERNAL EXAMINATION:**
The body is opened with the usual Y-shaped incision. The subcutaneous fat measures 2 cm in thickness at the level of the umbilicus.

**Heart:**
The heart weighs 390 grams. The coronary arteries are widely patent and free of arteriosclerosis. All cardiac chambers are normal in size. The left ventricular wall measures 1.4 cm and the right 0.3 cm in thickness. The heart valves are unremarkable. The myocardium is brown, moderately firm and grossly unremarkable. The pericardium is unremarkable. The aorta and its major branches are grossly unremarkable.

**Lungs:**
The left lung weighs 590 and the right 910 grams. The pleural surfaces are pink-blue, smooth and glistening. Sections reveal pulmonary edema and congestion. The upper airways and pulmonary vessels are unremarkable. The pleural cavities are unremarkable.

**Liver:**
The liver weighs 2120 grams. The liver shows moderate generalized enlargement. The hepatic configuration is normal. The external surface is brown, smooth and glistening. On section, the liver parenchyma is brown, moderately firm. No focal lesion is seen. The gallbladder and extrahepatic bile ducts are grossly unremarkable. There are many markedly enlarged lymph nodes in the perihilar area. The lymph nodes measure up to 3 cm in diameter. The peritoneal cavity is unremarkable.

**Spleen:**
The spleen weighs 300 grams. The spleen shows moderate generalized enlargement. The external surface is gray-blue, smooth. On section, the spleen is moderately congested. No focal lesion is noted.

Lymph nodes: The lymph nodes on the right and left lateral sides of the neck are moderately enlarged. The perihilar lymph nodes are markedly enlarged, as described above.

**Urinary tract:**
The left kidney weighs 160 and the right 170 grams. The kidneys are normal in size and configuration. The external surfaces, cortex, medulla, pelves and ureters are grossly unremarkable. The urinary bladder is unremarkable. No urine is found.

**Adrenals:**
Unremarkable. No edema or hemorrhage is noted.

**Gastrointestinal Tract:**
The esophagus and small and large intestines are unremarkable.

The gastric lumen is empty. The gastric mucosa is grossly unremarkable.

The pancreas is normal in size, configuration and on sectioning.

**Internal Genitalia:**
Unremarkable.

**Neck:**
The neck organs are dissected and show no evidence of fracture, hemorrhage or scarring.

**EXHIBIT B**

20023007                                    JOHN HORTON                                    Page 4

The thyroid gland is normal in size, configuration and on sectioning.

**Scalp:**
Unremarkable.

**Brain:**
The brain weighs 1570 grams. There is severe cerebral edema with cerebellar herniation. The brain is cut in half shortly after removal. There is severe hydrocephalus involving the lateral, third and fourth ventricles. Neuropathology report to follow.

**TOXICOLOGY:**
Postmortem blood is submitted for toxicological examination.

**HISTOLOGY:**
None.

**FINDINGS:**

I. Subacute encephalitis with marked dilatation of all cerebral ventricles.

II. Severe cerebral edema with cerebellar herniation.

III. History of HIV infection.

IV. Cervical and abdominal lymphadenopathy.

V. Hepatomegaly, moderate.

VI. Congestive splenomegaly, moderate.

**OPINION:**
It is the opinion of the undersigned, based upon the history as provided by the Office of the Chief Medical Examiner, Pocasset, MA together with the autopsy findings that John Horton died as a result of subacute encephalitis. The manner of death is natural.

**NEUROPATHOLOGY EXAMINATION**

The fresh brain weighs 1570 grams. There is severe cerebral edema with cerebellar herniation. The dura is unremarkable and the leptomeninges are thin and glistening without evidence of subarachnoid hemorrhage or purulent exudate. The anatomy of the cerebral circulation is within normal limits. There is no arteriosclerosis of the cerebral arteries and there is no evidence of occlusions or emboli. The cranial nerves are unremarkable. The brain is cut after formalin fixation in the frontal plane. There is a marked dilatation of the lateral, third and fourth ventricles. The brain is symmetric and there is no evidence of masses, infarcts, hemorrhage or other focal lesions. Beside the cerebellar herniation, the cerebellum and brain stem are unremarkable. Multiple sections of the cerebral hemisphere and cerebellum are submitted for microscopic examination.

MICROSCOPIC EXAMINATION: Examination reveals extensive perivascular infiltrate in the white matter. The perivascular infiltrate consists mainly of mononuclear cells (macrophages, plasma cells and lymphocytes) and scattered neutrophilic leukocytes. There is a subependymal inflammation present. Scattered microglial nodules and reactive gliosis are noted.

FINAL NEUROPATHOLOGIC DIAGNOSIS:

I. Subacute encephalitis with marked dilatation of all cerebral ventricles.

II. Severe cerebral edema with cerebellar herniation.

NOTE: The decedent was known to be HIV positive for several years.

**EXHIBIT B**

```
UMASS MEMORIAL MEDIC.   CENTER                         LABORATORY REPORTS
ONE BIOTECH PARK, 365 PLANTATION ST, SUITE 200  WORCESTER,MA 01605-2376
L. Michael Snyder, MD  Director, Laboratories, UMMMC                PAGE 1
RUN ON: 11/11/02  1057           TYPE OF REPORT:    Doctor Report
RUN FOR: 10/11/02-11/11/02       REPORT GENERATED AT UNIVERSITY CAMPUS

PATIENT:  CASE,CME02-3007                  MR#:              PHONE:

LOCATION    AGE  SEX   PHYSICIAN NAME          ACCOUNT #      STATUS   REG DATE
XX-CMEC     33   M     KURY,GEORGE MD          XX000013696    REG REF  10/22/02
DOB:

ADM COMMENTS:  J.HORTEN

SPEC #: 1022:F00008R    12812717  STATUS: COMP  COLL: 10/22/02-UNK  RECD: 10/22/02-1400

ORDERED:  CDAO, SOLVENT SCR,OTH


    Test                         Result              Flag      Reference
>  SPECIMEN TYPE                  BLOOD
                           FLUORIDATED -NO SITE INDICATED
>  BARBITURATE SCREEN
                           None detected. This is the result of a qualitative
                           immunoassay screening test for barbiturates.
                           CUTOFF CONCENTRATION = 100 ng/mL Secobarbital
>  BARBITURATE CONFIRMATION
                           Test not performed
>  COCAINE METABOLITE SCREEN

                           None detected. This is the result of a qualitative
                           immunoassay screening test for cocaine metabolites.
                           CUTOFF CONCENTRATION = 100 ng/mL Benzoylecgonine
   COCAINE CONFIRMATION
>    COCAINE METABOLITE CONFIRM
                           Test not performed
>  OPIATE GROUP SCREEN
                           None detected. This is the result of a qualitative
                           immunoassay screening test for morphine/codeine.
                           CUTOFF CONCENTRATION = 100 ng/mL Morphine
   OPIATE CONFIRMATION
>    OPIATE CONFIRMATION    Test not performed
>  BENZODIAZEPINES SCREEN

                           None detected. This is the result of a qualitative
                           immunoassay screening test for nordiazepam.
                           CUTOFF CONCENTRATION = 200 ng/mL Oxazepam
>  METHANOL                                                  gm%
                           NON-DETECTABLE
>  ETHANOL                                                   gm%
                           NON-DETECTABLE
>  ISOPROPANOL FORENSIC                                      GM%
                           NON-DETECTABLE
>  ACETONE                                                   gm%
                           NON-DETECTABLE


                 H = High   L = Low   N = Normal   # = Delta

                          ** END OF REPORT **
```

**EXHIBIT B**

**04 CV 12058 WGY**

**Commonwealth of Massachusetts**
The Trial Court
Probate and Family Court Department          Docket No. _____

*FILED IN CLERK'S OFFICE*
*Bristol Division*
*2004 SEP 24 P 2:08*
*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*

### Administration With/Without Sureties

Name of Decedent __John A. Horton, AKA John Albert Horton__

Domicile at Death ~~Bristol County House of Corrections 400 Faunce Corner Road~~ 86 Alfred Lord Blvd. Rear ~~Dartmouth~~ Taunton, Bristol County
                    (Street and No.)                                                                        (City or Town)

Bristol _____ 02747 _____ Date of Death __September 29, 2002__
(County)                          (zip)

Name and address of Petitioner(s) __Bette J. Rivard__

86 Alfred Lord Blvd. Rear, Taunton, Massachusetts 02780 ___ Status __Mother__

**Heirs at law or next of kin of deceased including surviving spouse:**

| Name | Residence (minors and incompetents must be so designated) | Relationship |
|---|---|---|
| ✓ Bette J. Rivard | 86 Alfred Lord Blvd. Rear, Taunton, MA 02780 | Mother |
| George Horton | High Street, Taunton, Massachusetts 02780 | Father (deceased 08/04/2004) |

[X] The petitioner(s) hereby certif __ies__ that a copy of this document, along with a copy of the decedent's death certificate has been sent by **certified mail to** the **Division of Medical Assistance, P.O. Box 15205, Worcester, Massachusetts 01615-9906.**

Petitioner(s) pray(s) that ~~he/she/they~~ __Bette J. Rivard__ of __Taunton, Massachusetts__ in the County of __Bristol__ be appointed administrat __rix__ of said estate ~~with~~/without surety on ~~his/her/their~~ bond(s) and certif __ies__ under the penalties of perjury that the foregoing statements are true to the best of his/her/their knowledge and belief.

Date __September 21, 2004__          Signature(s) __Bette J. Rivard__

The undersigned hereby assent to the foregoing petition.

### DECREE

All persons interested ~~having been notified in accordance with the law or~~ having assented ~~and no objections being made thereto~~ it is decreed that __Bette J. Rivard__ of __Taunton__ in the County of __Bristol__ be appointed administrat __rix__ of said estate first giving bond with __out__ sureties for the due performance of said trust.

Taunton
Date __September 23, 2004__          _____
                                      JUSTICE OF THE PROBATE AND FAMILY COURT
CJ-P1 (11/01)                                       *A True Copy*
                                                    Attest

                                      __Kent Peck__
                                      Register                          bcpfc-c.g.f.