UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04CV12058WGY

BETTE J. RIVARD, as Administratrix of
the Estate of John A. Horton,
     Plaintiff,

v.

DARTMOUTH HOUSE OF CORRECTION,
BRISTOL COUNTY, JOHN DOE, RICHARD
ROE, Bristol county Corrections Employees
the identity and number of who is presently
unknown to the Plaintiff,
     Defendant.

## DEFENDANT BRISTOL COUNTY'S ANSWER AND JURY DEMAND

### I. PRELIMINARY STATEMENT

1. - 12.  The defendant neither admits nor denies the allegations contained in paragraphs 1

through 12 as it is a preliminary statement.

### II. JURISDICTION

13.    The plaintiff neither admits nor denies the allegations contained in paragraph 13 as it

contains a statement of jurisdiction.

### III. PARTIES

14.    The defendant neither admits nor denies the allegations contained in paragraph 14.

15.    The defendant neither admits nor denies the allegations contained in paragraph 15.

16.    The defendant admits to the allegations contained in paragraph 16.

17.    The defendant neither admits nor denies the allegations contained in paragraph 17.

18.    The defendant neither admits nor denies the allegations contained in paragraph 18.

19.    The defendant admits to the allegations contained in paragraph 19.

20.    The defendant neither admits nor denies the allegations contained in paragraph 20.

## IV. FACTS

21.    The defendant denies the allegations contained in paragraph 21.

22.    The defendant denies the allegations contained in paragraph 22.

23.    The defendant denies the allegations contained in paragraph 23.

24.    The defendant denies the allegations contained in paragraph 24.

25.    The defendant admits to the allegations contained in paragraph 25.

26.    The defendant admits to the allegations contained in paragraph 26.

27.    The defendant denies the allegations contained in paragraph 27.

28.    The defendant denies the allegations contained in paragraph 28.

29.    The defendant denies the allegations contained in paragraph 29.

## COUNT I

30.    The defendant repeats and incorporates by reference the responses to paragraphs 1

through 29.

31.    The defendant denies the allegations contained in paragraph 31.

## COUNT II

32.    The defendant repeats and incorporates by reference the responses to paragraphs 1

through 31.

33.    The defendant denies the allegations contained in paragraph 33.

34.    The defendant denies the allegations contained in paragraph 34.

35.    The defendant denies the allegations contained in paragraph 35.

## COUNT III

36.    The defendant repeats and incorporates by reference the responses to paragraphs 1 through 36.

37.    The defendants denies the allegations contained in paragraph 37.

38.    The defendants denies the allegations contained in paragraph 38.

39.    The defendants denies the allegations contained in paragraph 39.

40.    The defendants denies the allegations contained in paragraph 40.

41.    The defendants denies the allegations contained in paragraph 41.

42.    The defendants denies the allegations contained in paragraph 42.

## COUNT IV

43.    The defendant repeats and incorporates by reference the responses to paragraphs 1 through 42.

44.    The defendant denies the allegations contained in paragraph 44.

45.    The defendant denies the allegations contained in paragraph 45.

## DEMAND FOR JURY TRIAL

The defendant requests a trial by jury on all counts.

## AFFIRMATIVE DEFENSES

### First

The plaintiff has failed to state a claim for which relief may be granted.

### Second

Any damages or injuries that the plaintiff may have suffered were caused by a person or persons for whose conduct the defendant is not legally responsible.

## Third

Any damages or injuries that the plaintiff may have suffered was caused by his own negligence, and therefore any damages that the plaintiff may recover must be reduced in proportion to such negligence pursuant to G.L. Ch. 231, section 85.

## Fourth

The plaintiff was comparatively negligent and such negligence exceeded the amount of any negligence of the defendant and therefore plaintiff is barred from recovery pursuant to G.L. Ch. 231, section 85.

## Fifth

The individual defendant acted objectively reasonably under the circumstances and is qualifiedly immune from liability.

## Sixth

Any alleged damages or injuries suffered by the plaintiff were caused by an individual, individuals or an entity for which the defendant is not legally responsible.

## Seventh

The plaintiff has failed to commence suit within the applicable period of time permitted by statute.

## Eighth

The plaintiff has failed to provide proper presentment of claim as a prerequisite to suit.

## Ninth

A municipality is immune from punitive damages under § 1983.   Newport v. Fact Concerts, Inc.,453 U.S. 247, 263 (1981).

**Tenth**

The plaintiff's claim must be barred based on the fact that a release of claims has been filed and the plaintiff has waived the right to sue.

**Eleventh**

The complaint fails to join a party needed for just adjudication.

Defendant, Bristol County,
By its attorneys,

_____
Douglas I. Louison BBO# 545191
Regina M. Ryan BBO# 565246
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

I, Regina M. Ryan, hereby certify that on the ___ day of _____,2004, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to Robert M. Proulx, Esquire, Proulx Law Associates, P.C., 170 High Street, Suite 301, Taunton, MA 02780.

_____
Regina M. Ryan