UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04CV12058WGY

BETTE J. RIVARD, as Administratrix of
the Estate of John A. Horton,
     Plaintiff,

v.

DARTMOUTH HOUSE OF CORRECTION,
BRISTOL COUNTY, JOHN DOE, RICHARD
ROE, Bristol County Corrections Employees
the identity and number of who is presently
unknown to the Plaintiff,
     Defendants/ Third Party Plaintiffs

v.

PRISON HEALTH SERVICES, INC. and
CORRECTIONAL HEALTH CARE SOLUTIONS, INC.
     Third Part Defendants

## THIRD PARTY COMPLAINT

1.    The Third Party Plaintiffs are Bristol County, John Doe, Richard Roe, defendants in the action brought by the plaintiff, Bette J. Rivard, as Administratrix of the Estate of John A. Horton, in this civil action.

2.    The Third Party Defendants, Prison Health Services, Inc., is a Delaware Corporation with a principal place of business located at 105 Westpark Dr., Suite 300, Brentwood, Tenn., 37027.

3.    Correctional Health Care Solutions, Inc., is a Pennsylvania Corportation with a principal place of business located at 200 Highpoint Drive, Chalfont, Pennsylvania, 18194.

## COUNT I. (Indemnity)
## Bristol County, John Doe and Richard Roe v. Prison Health Services, Inc.

4.  The Third Party Plaintiffs repeat and reassert its allegations contained in paragraphs 1 - 3.

5.  According to the allegations in the complaint (a copy of which is attached hereto at Exhibit "A") the plaintiff alleges that the Third Party Defendants failed to provide necessary medical treatment to the plaintiff's decedent which caused the decedent injury and death while an inmate at the Third Party Plaintiffs' correction facility.

6.  The Third Party Defendant Prison Health Services, Inc. provides health and medical services to inmates at the Third Party Plaintiff's correctional facility at Dartmouth, Massachusetts pursuant to an "AGREEMENT FOR INMATE MEDICAL SERVICES" dated December 6, 2000 and attached herewith at Exhibit "B."

7.  If the plaintiff's decedent was so injured or caused to suffer wrongful death, then the alleged injury or death was due in whole or in part to the negligence and carelessness of the third party defendant, Prison Health Services, Inc..

8.  Pursuant to the AGREEMENT FOR INMATE MEDICAL SERVICES (paragraph 16) Prison Health Services, Inc agreed to indemnify and hold harmless the Third Party Plaintiffs from and against all liabilities, costs, and expenses resulting from claims and lawsuits brought against the Third Party Plaintiffs as a result of negligence or non-performance attributed to Prison Health Services, Inc.

9.  That, in the event a finding enters in favor of the plaintiff against the defendant/third party plaintiffs, then the third party defendant, is obligated to indemnify the defendant/third

party plaintiffs in whole or in party for the amount of any finding or judgment for damages that might enter as against the Third Party Plaintiffs.

## COUNT II. (Contribution)
### Bristol County, John Doe and Richard Roe v. Prison Health Services, Inc.

10.  The Third Party Plaintiff repeats and reasserts its allegations contained in paragraphs 1-9.

11.  If the plaintiff's decedent was injured or caused to suffer wrongful death as alleged, then his alleged injuries and wrongful death were due in whole or in part to the negligence and carelessness of the third party defendant, Prison Health Services, Inc.

12.  That, in the event a finding enters in favor of the plaintiff against the defendant/third party plaintiffs,  then the third party defendants are liable to the defendant/third party plaintiffs, in whole or in party for the amount of any finding or judgment for damages that might enter as against defendant/third party plaintiffs in contribution as a joint tort feasor pursuant to M.G.L. c. 231B.

WHEREFORE, the defendant/third party plaintiffs Bristol County, John Doe, Richard Roe demand judgment against the third party defendant, Prison Health Services, Inc. in the sum of any finding or judgment for damages that might enter as against the defendant/third party plaintiffs,  Bristol County, John Doe, Richard Roe, plus interest and costs.

## COUNT III. (Indemnity)
### Bristol County, John Doe and Richard Roe v. Correctional Health Care Services, Inc.

13.  The Third Party Plaintiffs  repeat and reassert its allegations contained in paragraphs 1 - 12.

14.    According to the allegations in the complaint (a copy of which is attached hereto at
       Exhibit "A") the plaintiff alleges that the Third Party Defendants failed to provide
       necessary medical treatment to the plaintiff's decedent which caused the decedent injury
       and death while an inmate at the Third Party Plaintiffs' correction facility.

15.    The Third Party Defendant Correctional Health Care Services, Inc. provides health and
       medical services to inmates at the Third Party Plaintiffs' correctional facility at
       Dartmouth, Massachusetts  pursuant to an "AGREEMENT FOR INMATE MEDICAL
       SERVICES"  dated October 1, 1995 and attached herewith at Exhibit "C."

16.    If the plaintiff's decedent was so injured or caused to suffer wrongful death, then the
       alleged injury or death was due in whole or in part to the negligence and carelessness of
       the third party defendant, Correctional Health Care Services, Inc.

17.    Pursuant to the AGREEMENT FOR INMATE MEDICAL SERVICES  (paragraph 15)
       Correctional Health Care Services, Inc. agreed to indemnify and hold harmless the Third
       Party Plaintiffs  from and against all liabilities, costs, and expenses resulting from claims
       and lawsuits brought against the Third Party Plaintiffs as a result of negligence or non-
       performance attributed to Correctional Health Care Services, Inc.

18.    That, in the event a finding enters in favor of the plaintiff against the defendant/third party
       plaintiffs,  then the third party defendant, is obligated to indemnify the defendant/third
       party plaintiffs in whole or in party for the amount of any finding or judgment for
       damages that might enter as against the Third Party Plaintiffs.

## COUNT IV. (Contribution)
## Bristol County, John Doe and  Richard Roe v. Correctional Health Care Services, Inc.

19.    Third Party Plaintiff repeats and reasserts its allegations contained in paragraphs 1-18.

20.    If the plaintiff's decedent was injured or caused to suffer wrongful death as alleged, then his alleged injuries and wrongful death were due in whole or in part to the negligence and carelessness of the third party defendant, Correctional Health Care Services, Inc.

21.    That, in the event a finding enters in favor of the plaintiffs against the defendant/third party plaintiffs,  then the third party defendants are liable to the defendant/third party plaintiffs, in whole or in party for the amount of any finding or judgment for damages that might enter as against defendant/third party plaintiffs in contribution as a joint tort feasor pursuant to M.G.L. c. 231B.

WHEREFORE, the defendant/third party plaintiffs Bristol County, John Doe, Richard Roe demand judgment against the third party defendant, Correctional Health Care Services, Inc. in th sum of any finding or judgment for damages that might enter as against the defendant/third party plaintiffs,  Bristol County, John Doe, Richard Roe, plus interest and costs.

## DEFENDANT/THIRD PARTY PLAINTIFFS,  BRISTOL COUNTY, JOHN DOE, RICHARD ROE DEMAND A TRIAL BY A JURY ON ALL ISSUES.

The defendant/third party plaintiffs,
Defendant, Bristol County,
By its attorneys,

Douglas I. Louison BBO# 545191
Regina M. Ryan BBO# 565246
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

I, Regina M. Ryan, hereby certify that on the ___11th___ day of ___November 2004___, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to Robert M. Proulx, Esquire, Proulx Law Associates, P.C., 170 High Street, Suite 301, Taunton, MA 02780.

_____
Regina M. Ryan

P:\JWF Insurance\Rivard Horton\third party complaint.wpd