AO 440 (Rev. 8/01) Summons in a Civil Action

**EXHIBIT A**

# UNITED STATES DISTRICT COURT

Eastern District of Massachusetts

BETTE J. RIVARD, as Administratrix
of the Estate of JOHN A. HORTON
              Plaintiff,
        V.
DARTMOUTH HOUSE OF CORRECTION,
BRISTOL COUNTY, JOHN DOE, RICHARD
ROE, Bristol County Corrections
Employees the identity and number
of who is presently unknown to
the Plaintiff

              Defendants

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:



04cv12058 WGY

TO: (Name and address of Defendant)

Dartmouth House of Correction
400 Faunce Corner Road
North Dartmouth, MA 02747

Francis Haddocks, Superintendent

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Robert M. Proulx
Proulx Law Associates, P.C.
170 High Street, Suite 301
Taunton, MA 02780-3536

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.



CLERK

(By) DEPUTY CLERK

DATE 9-24-04

**04CV12058WGY**

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BETTE J. RIVARD, as Administratrix of the Estate of JOHN A. HORTON

**DEFENDANTS**
DARTMOUTH HOUSE OF CORRECTION, BRISTOL COUNTY, JOHN DOE, RICHARD ROE Bristol County Corrections Employees the identity and number of whom is presently unknown to the Plaintiff

(b) County of Residence of First Listed Plaintiff: **Bristol**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: **Bristol**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Proulx Law Associates, P.C.
170 High Street, Suite 301
Taunton, Massachusetts 02780-3536
Phone: 508.823.6441
Facsimile: 508.823.6443

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**42 U.S.C. § 1983 Wrongful death for failing to provide medical treatment to incarcerated prisoner.**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $2,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

04 CV 1 2 0 5 8 WGY

JS 44 Reverse (Rev. 12/96)

FILED
CLERKS OFFICE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

2004 SEP 24 P 2:08

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

U.S. DISTRICT COURT
DISTRICT OF MASS.

**I.** (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 SEP 24 P 2:08
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| BETTE J. RIVARD, as Administratrix of the Estate of JOHN A. HORTON<br><br>Plaintiff,<br><br>vs.<br><br>DARTMOUTH HOUSE OF CORRECTION, BRISTOL COUNTY, JOHN DOE, RICHARD ROE Bristol County Corrections Employees the identity and number of whom is presently unknown to the Plaintiff<br><br>Defendants | Civil Action No.: _____<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**04 CV 12058 WGY** |

## I. PRELIMINARY STATEMENT

Plaintiff by her attorneys, Proulx Law Associates, P.C., for her complaint, respectfully allege:

1. This is an action for money damages arising under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983, et seq., to Recover:

   a. for 42 U.S.C. § 1983 Wrongful Death and the Massachusetts wrongful death statute;

   b. for monetary damages as a result of the wrongful death of John A. Horton;

   c. for failure to provide medical treatment on numerous occasions is the "deliberate indifference" to Mr. Horton's serious medical needs as defined by 42 U.S.C. § 1983;

   d. for great conscious pain and suffering that Mr. Horton was forced to endure before his death;

   e. for the loss of consortium of Mr. Horton's family members;

   f. for punitive monetary damages as a result of the wrongful death of John A. Horton;

   g. for monetary damages as a result of the negligent, arbitrary and capricious assessment of Mr. Horton's medical treatment and or condition;

Proulx Law
Associates, P.C.
Attorneys at Law
170 High Street, Suite 301
Taunton, MA 02780-3536

(508) 823-6441

*COMPLAINT AND DEMAND FOR JURY TRIAL*                                    Page -1- of -8-

    h. for monetary damages as a result of the harassment and civil rights violations;

    i. Such other and further relief as this Court may deem necessary and appropriate.

2. The Plaintiff, Bette J. Rivard brings this civil rights action against the above named Defendants to recover damages for violation of John A. Horton's civil rights under the Eighth Amendment to the United States Constitution and under the laws of the Commonwealth of Massachusetts.

3. It is alleged that Defendant corrections employee(s)/officer(s) denied John A. Horton necessary medical attention.

4. It is alleged that John A. Horton was pronounced dead on or about September 29th, 2002.[1]

5. It is alleged that John A. Horton died from subacute encephalitis.[2]

6. It is alleged that Bristol County is liable for the actions of its' corrections employee(s)/officer(s) as the County maintained policies or customs of deliberate indifference to the rights of citizens by failing to properly investigate allegations of misconduct by corrections employee(s)/officer(s), by failing to properly supervise corrections employee(s)/officer(s), and failing to properly train employee(s)/officer(s) and supervisors.

7. It is alleged that John A. Horton's illness remained untreated for a significant period of time prior to his death while he was incarcerated in The Dartmouth House of Correction.

8. It is alleged that John A. Horton made repeated requests for medical attention and each of his requests for treatment were denied.

---

[1] See copy of death certificate. Attached hereto and made part hereof as **EXHIBIT A**

[2] See copy of autopsy report. Attached hereto and made part hereof as **EXHIBIT B**.

*COMPLAINT AND DEMAND FOR JURY TRIAL*  *Page -2- of -8-*

Proulx Law Associates, P.C.
Attorneys at Law
170 High Street, Suite 301
Taunton, MA 02780-3536
(508) 823-6441

9. It is alleged that Dartmouth House of Corrections' employee(s)/officer(s) denied Mr. Horton medical treatment necessary to save his life.

10. It is alleged that medical treatment would have saved John Horton's life.

11. It is alleged that the denial of the necessary medical treatment for Mr. Horton's illness was the direct and proximate result of the said acts of the Defendants.

12. The Dartmouth House of Correction, Bristol County and various Bristol County Corrections employee(s)/officer(s) are liable for the actions of its' corrections employee(s)/officer(s) as the Commonwealth, Bristol County and Bristol County corrections department maintained policies or customs of deliberate indifference to the rights of inmates by failing to provide medical care, failing to properly investigate allegations of misconduct by corrections employee(s)/officer(s), failing to properly supervise corrections employee(s)/officer(s), and failing to properly train corrections employee(s)/officer(s) and supervisors.

## II.   JURISDICTION

13. This action is brought pursuant to 42 U.S.C. § 1983 and 1988. Jurisdiction is established by 42 U.S.C. §§ 1331 and 1343. Plaintiff invokes the pendant jurisdiction of this Court to hear a state civil rights claim.

## III.   PARTIES

14. John A. Horton was at all material times a resident of the City of Taunton, Bristol County, Massachusetts.

15. The Plaintiff, Bette J. Rivard, is the Administratrix of the estate of John A. Horton. Letters of of Administration were granted to her by the Taunton Probate Court on or about 09/23/2004. She is a resident of the City of Taunton, Bristol County, Massachusetts.

16. Defendant Dartmouth House of Correction was at all times material to this complaint a duly established corrections facility within the Commonwealth of Massachusetts and Bristol County.

Proulx Law
Associates, P.C.
*Attorneys at Law*
170 High Street, Suite 301
Taunton, MA 02780-3536

(508) 823-6441

*COMPLAINT AND DEMAND FOR JURY TRIAL*                              *Page -3- of -8-*

17. Defendant employee corrections employee(s)/officer(s) were at all times material to this complaint duly appointed and acting member(s) of the Dartmouth House of Correction.

18. Defendant corrections employee(s)/officer(s) were at all times material to this complaint duly appointed and acting member(s) of the Bristol County Corrections Department.

19. Defendant Bristol County is a municipality duly incorporated under the laws of the Commonwealth of Massachusetts.

20. At all times material to this complaint the Defendants acted under color of law, to wit: under color of the statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Massachusetts and/or Bristol County and the Bristol County Department of Corrections.

### IV.   FACTS

21. In or about July of 2002, John A. Horton began complaining that he was in need of medical treatment.

22. John A. Horton made several requests for medical treatment filing the necessary requests both orally and in writing.

23. Each request that Mr. Horton made for medical treatment prior to his death was denied.

24. The denial of medical treatment and deliberate indifference to the serious medical needs of Mr. Horton amounts to cruel and unusual punishment causing the unnecessary and wanton infliction of pain to Mr. Horton.

25. John A. Horton died on 09/29/2002.

26. The cause of death on the autopsy report is listed as "subacute encephylitis".[3]

---

[3] See copy of autopsy report. Attached hereto and made part hereof as **EXHIBIT B**.
*COMPLAINT AND DEMAND FOR JURY TRIAL*                                         *Page -4- of -8-*

Proulx Law Associates, P.C.
Attorneys at Law
170 High Street, Suite 301
Taunton, MA 02780-3536
(508) 823-6441

27. As a direct and proximate result of the said acts of the Defendants John A. Horton suffered the following injuries and damages:

   a. Violation of his Constitutional rights under the Eighth Amendment to the United States Constitution against cruel and unusual punishment;
   b. Loss of his life;
   c. Physical pain and suffering and emotional trauma and suffering.

28. Plaintiff Bette J. Rivard suffered the untimely end of her relationship with her son, with the corresponding loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and was forced to incur funeral and burial expenses.

29. The actions of the Defendants violated the following clearly established and well settled federal constitutional rights of John A. Horton:
   a. The imposition of cruel and unusual punishment.

## COUNT I
### VIOLATION OF 42 U.S.C. § 1983-WRONGFUL DEATH

30. Paragraphs 1 through 29 of this complaint are incorporated herein by reference as though fully set forth.

31. Plaintiff Bette J. Rivard claims damages for the wrongful death of John A. Horton and for her loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and for funeral and burial expenses under 42 U.S.C. § 1983 and the Massachusetts Wrongful Death Statute.

## COUNT II
### 42 U.S.C. § 1983-SURVIVAL ACTION

32. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth.

Proulx Law Associates, P.C.
Attorneys at Law
170 High Street, Suite 301
Taunton, MA 02780-3536

(508) 823-6441

33. John A. Horton was forced to endure great conscious pain and suffering, and to be attended by physicians and to incur expenses for such medical treatment, before his death.

34. John A. Horton filed no action during his lifetime, but under the laws of the Commonwealth of Massachusetts this action survives and may be asserted by his Estate.

35. Plaintiff Bette J. Rivard claims damages for the conscious pain and suffering and necessary medical and burial expenses incurred by John A. Horton, under 42 U.S.C. § 1983.

## COUNT III
### 42 U.S.C. 1983 MUNICIPAL LIABILITY OF DEFENDANTS DARTMOUTH HOUSE OF CORRECTION, BRISTOL COUNTY AND IT'S EMPLOYEES

36. Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth.

37. Prior to September 29th, 2002, Defendant Dartmouth House of Correction and Bristol County developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the Dartmouth House of Correction which caused the deprivation of John A. Horton's constitutional rights.

38. It was the policy or custom of the Dartmouth House of Correction and Bristol County to inadequately and improperly investigate citizen/inmate complaints and complaints of employee(s)/officer(s) misconduct.

39. The Defendants Dartmouth House of Correction and Bristol County had a policy or custom of failing to properly supervise employee(s)/officer(s).

40. The Defendants Dartmouth House of Correction and Bristol County was grossly negligent to the point of deliberate indifference to citizen's rights in failing to supervise and discipline employee(s)/officer(s) such as the Defendants for their misconduct so as to deter such conduct.

Proulx Law Associates, P.C.
Attorneys at Law
170 High Street, Suite 301
Taunton, MA 02780-3536
(508) 823-6441

*COMPLAINT AND DEMAND FOR JURY TRIAL*  *Page -6- of -8-*

41. The Defendants Dartmouth House of Correction and Bristol County were grossly negligent the point of exhibiting deliberate indifference to well established constitutional rights of John A. Horton when through the above-described policies, if foreseeable caused the Defendant(s) to believe that his acts of misconduct, as alleged above, would not be investigated and would be tolerated.

42. The above policies and customs of the Defendants Dartmouth House of Correction and Bristol County were the moving force behind the acts of the Defendants as described above and caused John A. Horton's injuries as described above.

### COUNT IV
### MASSACHUSETTS WRONGFUL DEATH STATUTE, M.G.L. C. 229 § 2 AGAINST ALL DEFENDANTS.

43. Paragraphs 1 through 42 are incorporated herein by reference as though fully set forth.

44. The acts and omissions of the Dartmouth House of Correction and Bristol County as aforesaid, violated John A. Horton's civil rights as provided for in M.G.L. c. 229 by failing to provide necessary medical treatment that would have saved John Horton's life.

45. As a direct and proximate result of the violations of M.G.L. c. 229 § 2, the Plaintiff suffered the injuries and damages described above.

WHEREFORE, the Plaintiff requests that this Court:
    a. Award compensatory damages against the Defendants;
    b. Award punitive damages against Defendants;
    c. Award the costs of this action, including attorney's fees, to the Plaintiff; and
    d. Award such other and further relief as this Court may deem necessary and appropriate.

Dated this the 24th day of September, 2004.

PLAINTIFF,
By her Attorney,

Proulx Law Associates, P.C.
Attorneys at Law
170 High Street, Suite 301
Taunton, MA 02780-3536
(508) 823-6441

*(signature)*
Robert M. Proulx, Esquire
**Proulx Law Associates, P.C.**
*Attorneys at Law*
170 High Street, Suite 301
Taunton, Massachusetts 02780-3536
Phone: (508) 823-6441
Fax:   (508) 823-6443
BBO# 640653

THE PLAINTIFF DEMANDS A TRIAL BY JURY IN THE DISTRICT COURT.

Dated this the 24th day of September, 2004.

PLAINTIFF,
By her Attorney,

*(signature)*
Robert M. Proulx, Esquire
**Proulx Law Associates, P.C.**
*Attorneys at Law*
170 High Street, Suite 301
Taunton, Massachusetts 02780-3536
Phone: (508) 823-6441
Fax:   (508) 823-6443
BBO# 640653

**Proulx Law Associates, P.C.**
*Attorneys at Law*
170 High Street, Suite 301
Taunton, MA 02780-3536
(508) 823-6441

COMPLAINT AND DEMAND FOR JURY TRIAL                                Page -8- of -8-