UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

04 #£04CV12058WGY

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| BETTE J. RIVARD, as Administratrix of the Estate of John A Horton,<br>　　　　Plaintiff<br><br>v.<br><br>DARTMOUTH HOUSE OF CORRECTION, BRISTOL COUNTY, JOHN DOE, RICHARD ROE, Bristol County Corrections employees the identity and number of whom is presently unknown to the Plaintiff,<br>　　　　Defendants/<br>　　　　Third Party Plaintiffs<br><br>v.<br><br>PRISON HEALTH SERVICES, INC. and CORRECTIONAL HEALTH CARE SOLUTIONS, INC.<br>　　　　Third Party Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

THIRD PARTY DEFENDANT PRISON HEALTH SERVICES, INC.'S ANSWER
TO THIRD PARTY PLAINTIFF BRISTOL COUNTY, JOHN DOE AND
RICHARD ROE'S COMPLAINT

Third Party Defendant Prison Health Services, Inc. ("PHS") hereby answers the allegations in Third Party Plaintiff's Complaint paragraph by paragraph as follows:

1.  PHS is not required to respond to the allegations contained in this paragraph of the third party plaintiff's complaint because these allegations contain introductory statements and these allegations are not directed at PHS. To the extent that this paragraph does contain allegations against PHS, they are expressly denied.

2. PHS admits the allegations contained within this paragraph of the third party plaintiff's complaint.

3. PHS is not required to respond to the allegations contained in this paragraph of the third party plaintiff's complaint because these allegations contain introductory statements and these allegations are not directed at PHS. To the extent that this paragraph does contain allegations against PHS, they are expressly denied.

COUNT I (Indemnification)
<u>Bristol County, John Doe and Richard Roe v. Prison Health Services, Inc.</u>

4. PHS repeats and reasserts herein its answers contained in paragraphs 1 – 3 above.

5. PHS denies the allegations contained in this paragraph of the third party plaintiff's complaint.

6. PHS admits that it provided certain medical services to inmates at the third party plaintiff's correctional facility at Dartmouth, Massachusetts pursuant to an "Agreement for Inmate Medical Services" dated December 6, 2000.

7. PHS denies the allegations contained in this paragraph of the third party plaintiff's complaint.

8. PHS admits that the parties executed an "Agreement for Inmate Medical Services", a document which speaks for itself. Further, PHS neither admits nor denies the remaining allegations contained in this paragraph of the third party plaintiff's complaint because they are legal conclusion to which a response is not required. To the extent there are factual allegations asserted therein, those allegations are denied.

9. PHS admits that the parties executed an "Agreement for Inmate Medical Services", a document which speaks for itself. Further, PHS neither admits nor denies the remaining allegations contained in this paragraph of the third party plaintiff's complaint because

they are legal conclusion to which a response is not required. To the extent there are factual allegations asserted therein, those allegations are denied.

## COUNT II (Contribution)
### Bristol County, John Doe and Richard Roe v. Prison Health Services, Inc.

10. PHS repeats and reasserts herein its answers contained in paragraphs 1 – 9 above.

11. PHS denies the allegations contained in this paragraph of the third party plaintiff's complaint.

12. PHS is not required to respond to the allegations that are contained in this paragraph of the third party plaintiff's complaint since the averments contain legal conclusions to which no response is necessary. To the extent that this paragraph contains allegations against PHS, they are expressly denied.

PHS denies that the third party plaintiff is entitled to the relief requested in the last paragraph of Count II.

## COUNT III (Indemnification)
### Bristol County, John Doe and Richard Roe v. Correctional Health Care Services, Inc.

13-18. This count does not require PHS's response because it does not assert claims against this defendant. To the extent any allegation within this count are directed against PHS, they are expressly denied.

## COUNT IV (Contribution)
### B ristol County, John Doe and Richard Roe v. Correctional Health Care Services, Inc.

19-21. This count does not require PHS's response because it does not assert claims against this defendant. To the extent any allegation within this count are directed against PHS, they are expressly denied.

## FIRST AFFIRMATIVE DEFENSE

Third-Party Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Third-Party Plaintiff's negligence was greater than the alleged negligence of PHS and, therefore, the Third-Party Plaintiff is barred from recovery under M.G. L. c.231, § 85.

## THIRD AFFIRMATIVE DEFENSE

The Third-Party Plaintiff was guilty of contributory negligence, and the damages, if any, recovered by the Third-Party Plaintiff from PHS should be reduced in proportion to said negligence of the Third-Party Plaintiff in accordance with M.G.L. c.231, § 85.

## FOURTH AFFIRMATIVE DEFENSE

The Third-Party Plaintiff, by its conduct and actions and/or the conduct and actions of his agents and servants, is estopped from recovering any judgment against PHS.

## FIFTH AFFIRMATIVE DEFENSE

The Third-Party Plaintiff, by its conduct and actions and/or the conduct and actions of his agents and servants, has waived any and all rights he may have had against PHS, and, therefore, cannot recover in this action.

## SIXTH AFFIRMATIVE DEFENSE

The action is barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

The action should be dismissed because of lack of jurisdiction over the Defendants, and/or improper service of process.

WHEREFORE, the Defendant PHS requests this Court to find for it and enter a judgment of dismissal with prejudice, and award to it costs, reasonable attorney fees, and such other relief as this Court deems just.

## JURY DEMAND

The Defendant PHS requests a trial by jury for all claims that are so triable.

Dated: January 27, 2005

Respectfully submitted,
Prison Health Services, Inc.
By their attorneys,

_____
Victor J. Koufman, Esq., BBO # 545296
Elizabeth Rennard, Esq., BBO # 647777
KOUFMAN & FREDERICK, LLP
265 Essex Street, Suite 301
Salem, MA 01970
(978) 745-2212

## CERTIFICATE OF SERVICE

I, Elizabeth Rennard, attorney for Prison Health Services, Inc. hereby certify that I have this 27th day of January, 2005 forwarded a copy of the foregoing document, by first-class mail, postage pre-paid, upon counsel of record named below:

*Plaintiff's counsel*
Robert Proulx, Esq.
Proulx Law Associates, PC
170 High Street
Suite 301
Taunton, MA 02780

*Counsel for Bristol County*
Douglas Louison, Esq
Regina Ryan, Esq.
Merrick, Louison & Costello
67 Batterymarch St
Boston, MA 02110

_____
Elizabeth Rennard