UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

CA #: 04CV12058WGY

_____
BETTE J. RIVARD, as Administratrix of            )
the Estate of John A Horton,                     )
                  Plaintiff                  )
                                           )
v.                                               )
                                           )
DARTMOUTH HOUSE OF CORRECTION,                   )
BRISTOL COUNTY, JOHN DOE, RICHARD ROE,           )
Bristol County Employees  the identity and number )
of who is presently unknown to the Plaintiff     )
                  Defendants                )
v.                                               )
                                           )
PRISON HEALTH SERVICES, INC. and                 )
CORRECTIONAL HEALTH CARE SOLUTIOINS, INC)
                  Third  Party Defendants   )
_____)

**THIRD PARTY DEFENDANT PRISON HEALTH SERVICES, INC'S. OPPOSITION TO THE PLAINTIFF'S MOTION TO AMEND OR IN THE ALTERNATIVE PRISON HEALTH SERVICES REQUEST FOR A MEDICAL MALPRACTICE TRIBUNAL**

The plaintiff has filed an Amended Complaint seeking to add six new defendants to this action: Sheriff Thomas Hodgson, Glen H. Sturgeon, Peter Berthiaume, the Bristol County Sheriff's Office, Prison Health Services, Inc. and Susan Andrews.  On August 4, 2005, Bristol County and the Dartmouth County House of Correction filed their Opposition to the Plaintiff's Motion to Amend with this Court.

For the reasons set forth in the opposition of Bristol County and the Dartmouth County House of Correction, third party defendant, Prison Health

1

Services (hereinafter "PHS") respectfully requests that this Honorable Court deny the Plaintiff's motion to amend to add Susan Andrews as a defendant based upon a failure to comply with L.R. 15.1.

Similar to the arguments set forth in the opposition by Bristol County and the Dartmouth County House of Correction, under L.R. 15.1(A), an attorney should seek to amend a complaint "as soon as they reasonably can be expected to have become aware of the identity of the proposed party."  The plaintiff failed to comply with this rule where he has been aware of the identity of Dr. Susan Andrews for the duration of this case.  Susan Andrews' name is contained within the decedent's medical records.  Additionally, Susan Andrews' name was disclosed to the Plaintiff as early as February of 2005 through automatic disclosure.

Further, contrary to the Plaintiff's inexplicable argument set forth in her Motion that "**it is early in discovery**, no party is prejudiced by this amendment…" (Plaintiff's Motion Pg. 2, Emphasis Added), discovery is set to expire in this case on September 15, 2005.  As a result, the addition of new parties at this late stage would constitute prejudice to the proposed defendants.[1]  A motion to amend may be denied if it is futile or if the defendants would suffer undue prejudice if the amendment were allowed. See Hayes v. New England Millwork Distribs., 602 F.2d 15, 19 (1st Cir.1979)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)). If a plaintiff files a motion to amend his complaint after the

---

[1] The Plaintiff also failed to comply with L.R. 15.1(B) as Susan Andrews, was never served with the Plaintiff's proposed motion to amend.  See Ali v. University of Massachusetts Medical Center 140 F. Supp.2d 107, 111 (2001)(Plaintiff not allowed to amend complaint to add a new party, who was not served with motion to amend at least ten days before filing of the motion in accordance with Local Rule 15.1(B).)

discovery period has ended, the burden is on him "to give a valid reason for having waited so long to file his motion." Grant v. News Group Boston, Inc., 55 F.3d 1, 6 (1st Cir.1995). Even though discovery has not yet ended yet, as in Grant, it is due to end within a month contrary to the Plaintiff's assertions. The Plaintiff has failed to cite any valid reason or mitigating factors for waiting this long to add new defendants. Accordingly, PHS respectfully requests that this Honorable Court deny the Plaintiff's motion.

### Prison Health Services Request for a Medical Malpractice Tribunal

If this Court allows the Plaintiff to amend her complaint, by adding a count of negligence against either PHS or Susan Andrews, the defendants request that this Honorable Court transfer the case to the state court for a medical malpractice hearing, within fifteen (15) days, pursuant to Mass. Gen. Laws. ch. 231, § 60B.

A medical malpractice tribunal would afford the Plaintiff an opportunity to present an offer of proof and substantiating evidence sufficient to raise a legitimate question of liability appropriate for judicial inquiry. As reasons therefore, PHS and Susan Andrews contend that treatment-related claims, such as the Plaintiff's claims against them, must, by law, be referred to a medical malpractice tribunal so that a determination may be made as to whether the Plaintiff's claims are worthy of judicial review. Lambley v. Kameny, 43 Mass. App. Ct. 277 (1997).

More specifically, PHS and Dr. Andrews state as follows:

1.   In the instant action, the Plaintiff alleges, inter alia, that PHS and Dr. Andrews were negligent by failing to provide adequate and timely medical care, which ultimately caused the death of John Horton (Amended Complaint, ¶1)

2.   Medical claims, such as the Plaintiff's, *must* be presented to a tribunal, accompanied by an offer of proof supported by a licensed physician's opinion letter that details each defendant's negligence or wrongdoing *with particularity.*  This procedure was designed to satisfy the statutory purpose of Chapter 231, § 60B, which is to screen out and eliminate frivolous claims.

> "Consistent with that statutory purpose, even claims not sounding in traditional malpractice ... which directly implicate the professional judgment or competence of a provider have been held subject to tribunal screening.  See *Salem Orthopedic Surgeons, Inc. v. Quinn*, 377 Mass. 514, 520, 386 N.E.2d 1268 (1979) (action for breach of contract to produce a specific medical result is so subject); *Lubanes v. George*, 386 Mass. 320, 325, 435 N.E.2d 1031 (1982) (action alleging doctor's performance of surgery without plaintiff's consent is appropriate for tribunal screening).  The courts have consistently generalized the intended sweep of § 60B as encompassing "all treatment-related claims," whatever their label or underlying legal theory. *Little v. Rosenthal*, 376 Mass. at 576, 382 N.E.2d 1037."

Lambley v. Kameny, 43 Mass. App. Ct. 277, 282 (1997).  See also Little v. Rosenthal 376 Mass. 573 (1978) (Even unfair trade practice claims, per M.G.L. c.93A, based on treatment- related issues, are not exempt from the medical malpractice screening procedure).

3.   In the case at hand, the Plaintiff's claims are  "treatment-related," and, therefore, are the type of claims that must be submitted to the screening process of the medical tribunal.

4

**WHEREFORE**, third party defendant, PHS, respectfully requests that this Honorable Court deny the Plaintiff's Motion to Amend her Complaint adding Susan Andrews as a defendant. If this Court should allow the Plaintiff's Motion to Amend as to PHS and Susan Andrews than the defendants request that this Court order the following:

1. That this matter be transferred to the Massachusetts Superior Court Department of the Trial Court in order for a medical tribunal to convene;

2. The Plaintiff to provide counsel for Prison Health Services, Inc. and Dr. Andrews with a copy of his offer of proof at least ten (10) days before said tribunal is convened; and

3. Such other relief as the Court deems necessary.


Dated:                                                  Respectfully submitted,
                                                        Prison Health Services, Inc
                                                        By its attorneys,


                                                        _____
                                                        Victor J. Koufman, Esq., BBO #545296
                                                        Mary Eiro-Bartevyan, Esq. BBO#558970
                                                        KOUFMAN & FREDERICK, LLP
                                                        265 Essex Street, Suite 301
                                                        Salem, MA 01970-3402
                                                        (978) 745-2212

**CERTIFICATE OF SERVICE**

I, Mary Eiro-Bartevyan, attorney for Prison Heath Services, Inc. hereby certify that I have this **10th day of August 2005**, forwarded a copy of the foregoing, Prison Health Services, Inc's. Opposition to the Plaintiff's Amended Complaint by first-class mail, postage prepaid, to:

*Plaintiff's Counsel*
Robert Proulx, Esq.
Proulx Law Associates, PC
170 High Street
Suite 301
Taunton, MA  02780

*Counsel for Bristol County, and Dartmouth House of Correction*
Douglas Louison, Esq
Regina Ryan, Esq.
Merrick, Louison & Costello
67 Batterymarch St
Boston, MA 02110
(617)439-0305

_____
Mary Eiro-Bartevyan

I:\Clients\PHS\Horton\Pleadings\Opposition to Plaintiff's Motion to Amend.doc