UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA #: 04CV12058WGY

| | |
|---|---|
| BETTE J. RIVARD, as Administratrix of the Estate of John A Horton,<br>            Plaintiff<br><br>v.<br><br>DARTMOUTH HOUSE OF CORRECTION, BRISTOL COUNTY, JOHN DOE, RICHARD ROE, Bristol County Employees the identity and number of who is presently unknown to the Plaintiff<br>            Defendants<br>v.<br><br>PRISON HEALTH SERVICES, INC. and CORRECTIONAL HEALTH CARE SOLUTIOINS, INC)<br>            Third Party Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### DEFENDANTS' JOINT OPPOSITION TO THE PLAINTIFF'S MOTION TO EXTEND DISCOVERY AND DEFENDANTS' MOTION TO EXCLUDE WITNESSES

The plaintiff has filed a motion seeking to extend the discovery deadline in this case for written discovery from May 15, 2005 to September 30, 2005 and for depositions, from September 15, 2005 to December 15, 2005. The defendants hereby oppose this motion and further request that the Court exclude the testimony of any of the witnesses (1) for whom plaintiff's counsel has failed to provide an address or (2) those witnesses who have been subpoenaed, but failed to attend their deposition.

More specifically, the defendants state as follows:

In the instant action, the Plaintiff alleges, *inter alia*, that the County defendants were deliberately indifferent to John Horton's serious medical need which ultimately caused his death (Complaint, ¶1). The County defendants impleaded defendant Prison Health Services ("PHS") for indemnification because, during the time period relative to the complaint, PHS had a contract with Bristol County to provide certain medical care to inmates such as the deceased.

Plaintiff, through counsel, has now filed a motion to extend the time for discovery. Plaintiff seeks to extend the time for written discovery to September 30, 2005. However, the time period for the parties to file written discovery expired on May 15, 2005. Plaintiff's request, three months after the expiration of time for written discovery, is untimely. Litigants have an "unflagging duty to comply with clearly communicated case management orders." Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998). This is particularly true where the parties themselves set the dates for compliance. The defendants completed their written discovery within the scheduling order deadlines and see no reason for an extension of this deadline. Defendant PHS was forced to file a Motion to Compel Discovery in order to obtain plaintiff's responses to their interrogatories and request for production of documents. Plaintiff had ample opportunity to serve any written discovery on the defendants prior to May 15, 2005.

In his motion to extend discovery, the plaintiff's attorney states that he has been unable to locate a number of witnesses and "needs more time." He also states that he "...has not had an opportunity to notice the depositions of a number of witnesses whose testimony is crucial to proving the plaintiff's case." He offers no explanation, however, as to why he has not noticed these "crucial" depositions. The defendants

assert that this conclusory statement is lacking in any explanation to justify extending the scheduling order. The only other possible explanation given by the plaintiff's attorney for an extension of the discovery period is the following:

> "The complexity of the litigation that this case presents
> has become beyond the experience of Plaintiff's counsel
> and has made it necessary to seek the assistance of
> co-counsel."

The defendants contend that if indeed the case is beyond the experience of plaintiff's counsel, this is a matter which should have been rectified earlier in the case and not less than one month before discovery is due to end. This is especially true where the plaintiff's counsel has had the case since, at a minimum, March of 2004 when he first sent a demand letter to the defendants.

The defendants have made every effort to complete discovery within the time limits set forth by the court. In his motion, Attorney Proulx states that the defendants will not be prejudiced because they have a pending motion to depose an inmate and "have not yet had an opportunity to depose witnesses before the present deadline for completing depositions." The defendants have been, and continue to be, prepared to depose witnesses within the time set forth by this Court for discovery. The only impediment to these depositions going forward has been the failure of the plaintiff's attorney to provide current addresses for his proposed witnesses.

The defendants have conducted the depositions of Dawn Horton, on Thursday, August 11, 2005, and Greta Janusz, on Tuesday, August 16, 2005. The plaintiff Bette Rivard's deposition was begun, but not completed. Plaintiff's counsel continued the second day of the plaintiff's deposition over the objections of counsel for each of the defendants. (See Attachment 1)  Of the remaining individuals listed in plaintiff's

automatic disclosure and answers to interrogatories as witnesses for trial, Frank Baez Jr., was subpoenaed but did not appear for his deposition. Maria Tavares was also subpoenaed, but refused to appear for her deposition.[1] Additionally, the depositions of the following individuals listed in plaintiff's expert disclosure were noticed by the defendants:

> Maria Tavares -  Tuesday, August 23, 2005  - subpoena and deposition notice
> 
> Shane Benson - Tuesday, August 23, 2005 -  deposition notice to counsel
> 
> Frank Wetherall -  Thursday, August 25, 2005  - deposition notice to counsel
> 
> Mark Duwart -   Thursday, August 25, 2005     - deposition notice to counsel
> 
> Steven Leahy -   Thursday, August 25, 2005     - deposition notice to counsel
> 
> Mark Higgins  - Thursday, September 1, 2005 - deposition notice to counsel

Copies of the deposition notices are attached to this motion. (See attachment 2) In her automatic disclosure and in her answers to interrogatories, the plaintiff indicates these individuals listed above have information about the case and that they are going to be called as witnesses. However, with the exception of Mark Higgins whose address was provided on August 16, 2005, plaintiff has not provided any addresses for these individuals. In a letter to counsel, counsel for PHS stated that because the plaintiff had failed to provide addresses, defendants would expect that plaintiff would be responsible for securing the appearance of these individuals at their deposition. (See Attachment 3) However, plaintiff's counsel has since indicated that he still does not have addresses for these witnesses. Without addresses the defendants are unable to depose these individuals.

---

[1] The issue regarding the deposition of Maria Tavares will be the subject of a separate motion.

Given the plaintiff's unresponsiveness, the solution is not to extend the discovery period, but to exclude these witnesses from testifying at a trial in this matter. Although the choice of an appropriate sanction must be handled on a case-by-case basis, the defendants respectfully request that in light of the plaintiff's pattern of delay, these witnesses should be excluded from testifying at trial. See Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002).

Therefore, the defendants request that this Court exclude the testimony of the witnesses listed above as the plaintiff's attorney has failed to provide current addresses for these individuals.

**WHEREFORE**, third party defendant, PHS, and defendant Bristol County respectfully request that this Honorable Court deny the Plaintiff's Motion to Extend the Discovery period. The defendants also request that the Court exclude the testimony of those witnesses listed above for whom the plaintiff's counsel has failed to provide addresses or who have been served with deposition subpoenas and still failed to appear at their scheduled depositions.

6

Dated: 8-25-05

Respectfully submitted,

Prison Health Services, Inc
By its attorneys,

*/s/ Victor J. Koufman*
Victor J. Koufman, Esq., BBO #545296
Mary Eiro-Bartevyan, Esq. BBO#558970
KOUFMAN & FREDERICK, LLP
265 Essex Street, Suite 301
Salem, MA 01970-3402
(978) 745-2212

Respectfully submitted,
Dartmouth House of Correction, Bristol County,
By their attorney,

*/s/ Regina Ryan*
Regina Ryan, Esq. BBO# 565246
Merrick, Louison & Costello
67 Batterymarch Street
Boston, MA 02110
(617) 430-0305

## CERTIFICATE OF SERVICE

I, Mary Eiro-Bartevyan, attorney for Prison Heath Services, Inc. hereby certify that I have this **25th day of August 2005**, forwarded a copy of the foregoing, Prison Health Services, Inc's. Opposition to the Plaintiff's Motion to Extend Discovery by first-class mail, postage prepaid, to:

*Plaintiff's Counsel*
Robert Proulx, Esq.
Proulx Law Associates, PC
170 High Street
Suite 301
Taunton, MA  02780

*Counsel for Bristol County, and Dartmouth House of Correction*
Douglas Louison, Esq
Regina Ryan, Esq.
Merrick, Louison & Costello
67 Batterymarch St
Boston, MA 02110
(617)439-0305


Mary Eiro-Bartevyan

I:\Clients\PHS\Horton\Pleadings\Opposition to Plaintiff's Motion to Amend.doc