## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 DEC -1  P 2: 04

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| BETTE J. RIVARD, as Administratrix of the Estate of John A Horton, <br> Plaintiff <br><br> v. <br><br> DARTMOUTH HOUSE OF CORRECTION, BRISTOL COUNTY, JOHN DOE, RICHARD ROE, Bristol County Corrections employees the identity and number of whom is presently unknown to the Plaintiff, <br> Defendants/ <br> Third Party Plaintiffs <br> v. <br><br> PRISON HEALTH SERVICES, INC. <br> Third Party Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CA #: 04 CV 12058  WGY |

## DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. Rule 56, Defendants Dartmouth House of Correction and Bristol

County, ("Bristol County Defendants"), and Third Party Defendant Prison Health Services ("PHS"),

move this Honorable Court to enter summary judgment for each of them with respect to each claim

against them.  As reason therefore, the defendants state that the undisputable material facts

demonstrate that they are entitled to these judgments as a matter of law. [1]

More specifically, the Defendants state as follows:

1.      The plaintiff, Bette Rivard, is Administratrix for the estate of John A. Horton, who,

on September 29, 2002, died of encephalitis while in the custody of the Bristol County Defendants

and while being cared for by PHS medical staff.

---

[1] The Defendants request that the Court dismiss the unnamed Defendants "Doe" and "Roe" from this lawsuit, because the plaintiff has, to date, not properly named them or served them in this action.

2.     The gravaman of the Plaintiff's complaint is that the Bristol County Defendants violated Mr. Horton's civil rights (42 U.S.C. §1983) by developing and maintaining "policies or customs exhibiting deliberate indifference to the constitutional rights" of inmates (Count III), and by being deliberately indifferent to Mr. Horton's serious medical needs (Counts I & II).

3.     The Plaintiff also alleges that the Bristol County Defendants violated the Massachusetts Wrongful Death Statute (M.G.L. c. 229, §2) by "failing to provide necessary medical treatment that would have saved John Horton's life" (Count IV).

4.     The Bristol County Defendants allege in their Third Party Complaint against PHS that if the Bristol County Defendants are liable to the plaintiff then they are entitled to indemnification and contribution from PHS.

5.     As is discussed in the Memorandum, exhibits and affidavits, which are being filed with this motion and are incorporated herein, the defendants are entitled to judgment as a matter of law due to the following: (A) The summary judgment record is void of any customs or policies that exhibit deliberate indifference to inmates like Mr. Horton, and that were causally related to his death; (B) The undisputed material facts demonstrate the Bristol County Defendants were not deliberately indifferent to Mr. Horton's serious medical needs; And, (C) the County did not violate the Wrongful Death statute, because such a claim can not be brought against a Municipality.  Further, PHS is entitled to judgment as a matter of law, because once the Court enters judgment for the Bristol County Defendants, PHS has no obligation to indemnify or contribute to a judgment in regard to this case.

*WHEREFORE*, the Defendants respectfully request that the Court enter summary

2

judgment for each of them in regard to each of the Counts of the Complaint.

Respectfully submitted,

Dartmouth House of Correction, Bristol County,      Prison Health Services Inc.
By their attorney,                                  By their attorneys,

Regina Ryan, Esq. BBO# 565246                       Victor J. Koufman, BBO #545296
Merrick, Louison & Costello                         Mary Eiro-Bartevyan, BBO #558970
67 Batterymarch Street                              Koufman & Frederick, LLP
Boston, MA 02110                                    265 Essex Street, Suite 301
(617) 430-0305                                      Salem, MA 01970
                                                    (978) 745-2212


## CERTIFICATE OF SERVICE

I, Victor J. Koufman, attorney for Defendant Prison Health Systems, hereby certify that I have this ⟨st⟩ day of December, 2005, forwarded a copy of the foregoing motion for summary judgment and memorandum in support thereof, first class mail, postage prepaid, to Counsel for the plaintiff, Robert Proulx, Esq., Proulx Law Associates, P.C, 170 High Street, Suite 301, Taunton, MA 02780

Victor Koufman

G:\PHS-Prison Health Services, Inc\Horton\Pleadings\Motion for SJ.doc

3