UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETT

| | |
|---|---|
| BETTE J. RIVARD, as Administratrix of the Estate of John A Horton,<br>　　　Plaintiff,<br>　　v.<br>DARTMOUTH HOUSE OF CORRECTION, BRISTOL COUNTY, JOHN DOE, RICHARD ROE, Bristol County Corrections employees the identity and number of whom is presently unknown to the Plaintiff,<br>　　　Defendants/Third Party Plaintiffs,<br>　　v.<br>PRISON HEALTH SERVICES, INC. and CORRECTIONAL HEALTH CARE SOLUTIONS, INC.<br>　　　Third Party Defendants | Civil Action No.: O4CV12058WGY<br><br><br>**PLAINTIFF BETTE J. RIVARD'S MOTION TO STRIKE EXHIBITS FROM DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT** |

NOW COMES the Plaintiff, Bette J. Rivard, in the above captioned matter, by and through her attorneys, Proulx Law Associates, P.C., and moves this Honorable Court pursuant to F.R.C.P Rule 56(e) to strike exhibits and materials from the Defendants' joint motion for summary judgment and for reasons says:

1. That Defendant's Exhibit B, the affidavit of Lorraine J. Rousseau does not demonstrate the affiant's competence to testify to the matters therein and should therefore be stricken and not considered by this Court for the purposes of deciding on the Defendant's Joint Motion for Summary Judgment..

2. Defendant's Exhibit C is not an original or a certified copy and therefore inadmissible and should be stricken and not considered by this Court for the purposes of deciding the Defendant's Joint Motion for Summary Judgment.

3. That Defendant's Exhibit D, the affidavits of Linda Goodale and Kristina Duarte. A former employee of Prison Health Services (hereinafter "PHS) testified at her deposition

Proulx Law Associates, P.C.
*Attorneys at Law*
170 High Street, Suite 301
Taunton, MA 02780-3536
(508) 823-6441

and further provided an affidavit[1] outlining steps whereby PHS routinely produced and or falsified medical and other records after fatalities and/or injuries to inmates. The records submitted by the Defendants lack credibility, are not reliable, and are hearsay not within any exception and should therefore be stricken and not considered by this Court for the purposes of deciding on the Defendant's Joint Motion for Summary Judgment.

4. That Defendant's Exhibit E, the affidavit of Lorraine J. Rousseau does not demonstrate the affiant's competence to testify to the matters therein and should therefore be stricken and not considered by this Court for the purposes of deciding on the Defendant's Joint Motion for Summary Judgment.

5. Allowing these above listed exhibits to be considered would amount to allowing the Defendants the opportunity to try this case by simply submitting unsupported and highly suspect affidavits and documents that the affiants allege is a TRUE copy of the COMPLETE record. Here there is testimony of a competent former employee regarding the routine destruction and fabrication of records to suit PHS' needs. This case should not be allowed to become a trial by affidavit as the Defendants in their brief rely on numerous exhibits that were produced for the sole purpose of cleaning up the mess of liability created by the Defendants negligent acts in this case.

WHEREFORE, the Plaintiff moves this Honorable Court to strike Exhibits B, C, D, E from the Defendants' joint motion for summary judgment.

Dated this the 04th day of January, 2006.

PLAINTIFF,
By her Attorney,

Proulx Law Associates, P.C.
*Attorneys at Law*
170 High Street, Suite 301
Taunton, MA 02780-3536

(508) 823-6441

---

[1] Please see affidavit of Maria Iafrate. Attached hereto and made part hereof as **EXHIBIT A**.

*[signature: Robert M. Proulx, Esq.]*
Robert M. Proulx, Esquire
**Proulx Law Associates, P.C.**
*Attorneys at Law*
170 High Street, Suite 301
Taunton, Massachusetts 02780-3536
Phone: 508.823.6441
Facsimile: 508.967.2737
BBO# 640653

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served via email and first class mail postage pre-paid, on January 04th, 2006 to:

| | | | |
|---|---|---|---|
| √ | Regina M. Ryan, Esquire<br>Merrick Louison & Costello<br>67 Batterymarch Street<br>Boston, MA 02110 | √ | Mary C. Eiro-Bartevyan, Esquire<br>Koufman & Frederick, LLC<br>265 Essex Street, Ste. 301<br>Salem, MA 01970 |

      PLAINTIFF,
      By her Attorney,

*[signature: Robert M. Proulx, Esq.]*
Robert M. Proulx, Esquire
**Proulx Law Associates, P.C.**
*Attorneys at Law*
170 High Street, Suite 301
Taunton, Massachusetts 02780-3536
Phone: 508.823.6441
Facsimile: 508.967.2737
BBO# 640653

**Proulx Law Associates, P.C.**
*Attorneys at Law*
170 High Street, Suite 301
Taunton, MA 02780-3536

(508) 823-6441

*PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT*    *Page -3- of -3-*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTE J. RIVARD, as Administratrix of the Estate of John A Horton,<br>       Plaintiff,<br>   v.<br>DARTMOUTH HOUSE OF CORRECTION, BRISTOL COUNTY, JOHN DOE, RICHARD ROE, Bristol County Corrections employees the identity and number of whom is presently unknown to the Plaintiff,<br>       Defendants/Third Party Plaintiffs,<br>   v.<br>PRISON HEALTH SERVICES, INC. and CORRECTIONAL HEALTH CARE SOLUTIONS, INC.<br>       Third Party Defendants | Civil Action No.: **04CV12058WGY**<br><br>**AFFIDAVIT OF MARIA IAFRATE** |

I, Maria Iafrate, do hereby affirm and attest as follows:

1. My name is Maria Iafrate and I reside 29 Plymouth Street in New Bedford. I have personal knowledge of each of the facts attested to herein.

2. On September 6, 2005, I was deposed in Boston. After the deposition, I spoke with Attorney Proulx and Attorney Fischer as we walked from defense counsel's office.

3. While walking I asked some questions about Mr. Horton's case and Mr. Proulx answered that he had obtained medical records from PHS.

4. This prompted me to say spontaneously that the medical records must have been changed.

5. When Mr. Proulx and Mr. Fischer asked me about this, I explained that medical records were frequently changed in mortality cases to "button up" the records and I would have been surprised if Mr. Horton's record had not been changed.

6. I explained that when there was a mortality case, the records were almost always subpoenaed or reviewed so Dr. Andrews would go back and "clean up" missing or incomplete entries.

7. She would even go so far as to write in the margins when there was no room to add in missing entries.


**EXHIBIT A**

8. I explained to Mr. Proulx and Mr. Fischer that sometimes records did not reflect tests or other items, which were added to records later, after the fact. For example, sometimes blood was not drawn or blood was not sent to the lab and this would not be in the records. After a mortality, there was almost always an effort made to "clean up" records to include what had been incomplete or missing.

9. This was particularly true for those things that could not be independently verified, such as lab tests.

10. It was not uncommon for Dr. Andrews to add in that she had prescribed Tylenol or otherwise provided care when that was not true.

**SIGNED UNDER PAIN AND PENALTY OF PERJURY THIS 6TH DAY OF SEPTEMBER, 2005**

_____
Maria Iafrate

**EXHIBIT A**