UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

CA #: 04CV12058WGY

---

BETTE J. RIVARD, as Administratrix of       )
the Estate of John A Horton,                )
                Plaintiff       )
                               )
v.                                          )
                                            )
DARTMOUTH HOUSE OF CORRECTION,              )
BRISTOL COUNTY, JOHN DOE, RICHARD ROE,      )
Bristol County Employees the identity and number )
of who is presently unknown to the Plaintiff )
                Defendants      )
v.                                          )
                                            )
PRISON HEALTH SERVICES, INC. and            )
CORRECTIONAL HEALTH CARE SOLUTIOINS, INC)
                Third Party Defendants )

---

### DEFENDANTS' JOINT OPPOSITION TO THE PLAINTIFF'S MOTION TO STRIKE EXHIBITS AND DEFENDANTS' MOTION TO STRIKE AFFIDAVIT OF MARIA TAVARES

The plaintiff has filed a Motion to Strike Exhibits B, C, D, and E which were attached to defendants' Joint Motion for Summary Judgment.[1] Defendants oppose this motion.

For the reasons set forth below, defendant Bristol County, the Dartmouth County House of Correction, and third party defendant, Prison Health Services (hereinafter "PHS") respectfully requests that this Honorable Court deny the Plaintiff's motion to

---

[1] Exhibit B is the affidavit of Lorraine Rousseau and attached contract between PHS and the Bristol County House of Correction; Exhibit C is the mittimus committing the decedent to the Bristol County House of Correction; Exhibit D is the affidavit of Linda Goodale and Kristina Duarte and progress notes from the medical records of the decedent; and Exhibit E the affidavit of Lorraine Rousseau and policies of the Bristol County House of Correction.

1

strike. The defendants further request that this Honorable Court strike the affidavit of Maria Tavares Iafrate which was attached to plaintiff's motion to strike and was relied upon in plaintiff's opposition to defendants' Joint Motion for Summary Judgment.

## BACKGROUND

Plaintiff, Bette Rivard ("Plaintiff"), is Administratrix for the estate of John A. Horton, who, on September 29, 2002, died of encephalitis while in the custody of the Bristol County Defendants. At the time, PHS was providing Mr. Horton with medical care.

The gravaman of the Plaintiff's complaint is that the Bristol County Defendants violated Mr. Horton's civil rights (42 U.S.C. §1983) by developing and maintaining "policies or customs exhibiting deliberate indifference to the constitutional rights" of inmates (Count III), and by being deliberately indifferent to Mr. Horton's serious medical needs (Counts I & II).[2]

The Plaintiff also alleges that the Bristol County Defendants violated the Massachusetts Wrongful Death Statute (M.G.L. c. 229, §2) by "failing to provide necessary medical treatment that would have saved John Horton's life" (Count IV).

The Bristol County Defendants, who impleaded PHS as a third-party defendant, allege that in the event they are liable to the Plaintiff, PHS is obligated to indemnify them pursuant to the common law principles of contribution and a contract that requires PHS to provide certain medical care to inmates like Mr. Horton.

---

[2.] The Plaintiff also alleges that Bristol County is vicariously liable for the actions of its employees/officers because it routinely failed to (1) properly supervise its employees, (2) properly investigate allegations of misconduct by employees, and (3) properly train its employees. However, the doctrine of *Respondeat Superior* does not apply in §1983 actions. "A municipality cannot be held liable under §1983 on a Respondeat Superior theory." Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978).

On December 1, 2005, the defendants, jointly, filed a Motion for Summary Judgment, memorandum in support and attached affidavits and exhibits. The basis for the Defendants' motion is that the defendants are entitled to judgment as a matter of law due to the following: (A) the record is void of any customs or policies that exhibit deliberate indifference to inmates like Mr. Horton and that were causally related to his death; (B) The undisputed material facts demonstrate the Bristol County Defendants were not deliberately indifferent to Mr. Horton's serious medical needs; And, (C) the County Defendants did not violate the Wrongful Death statute, because such a claim can not be brought against a Municipality.  Further, PHS is entitled to judgment as a matter of law, because once the Court enters judgment for the Bristol County Defendants, PHS has no obligation to indemnify or contribute to a judgment in regard to this case.

The Defendants' Joint Motion for Summary Judgment was filed on December 1, 2005.[3] The following exhibits were attached to the motion:

Exhibit A – Plaintiff's Complaint

Exhibit B -  Affidavit of Lorraine J. Rousseau, Esq. and Contract between Bristol County and PHS.

Exhibit C – Mittimus

Exhibit D – Affidavit of Linda Goodale, R.N. and Kristina Duarte, R.N. and progress notes from the medical record of John Horton.

Exhibit E -  Affidavit of Lorraine J. Rousseau, Esq. and policies of Bristol County House of Correction for the time period relevant to the complaint.

---

[3] A hearing on the motion for summary judgment is currently scheduled for January 25, 2006.

The plaintiff now seeks to strike all of defendants' exhibits, with the exception of Exhibit A. The defendants oppose plaintiff's motion and further maintain that plaintiff's motion is frivolous.

Rule 56(e) of the Federal Rules of Civil Procedure mandates that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein" Fed.R.Civ.P. 56(e)

**Exhibits B and E**

Plaintiff alleges that Lorraine Rousseau is not competent to authenticate the policies in effect at the Bristol County House of Correction in 2002 or to authenticate the contract for medical services between Prison Health Services, Inc. and the Bristol County House of Correction.

Rule 901(a) Fed.R.Evid. sets forth the requirement for authenticating a document prior to its admission into evidence. The test of authentication, as set forth in the rule, "is straightforward" and " 'satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.' " United States v. Holmquist, 36 F.3d 154, 166 (1st Cir. 1994) (quoting Rule 901), *cert. denied* 514 U.S. 1084 (1995).  Under this standard, "the proponent need not rule out all possibilities inconsistent with authenticity." United States v. Alicea-Cardoza, 132 F.3d 1, 4 (1st Cir. 1997). The standard for a preliminary showing of authenticity under Rule 901 is the presence of sufficient evidence for a reasonable person to determine "that the evidence is what it purports to be." United States v. Paulino, 13 F.3d. 20, 23 (1st Cir. 1994).

4

Plaintiff's argument to strike Exhibit B is inexplicable. Exhibit B consists of two affidavits filed by Lorraine Rousseau. One affidavit authenticated the contract between PHS and Bristol County, the second affidavit authenticated the polices of the House of Correction which were in effect at the time the complaint was filed. In her affidavits, which were signed under the pains and penalties of perjury, Ms. Rousseau stated that she is an attorney, licensed to practice in the Commonwealth of Massachusetts, and that she is employed by the Bristol County House of Correction. She also states, that the attached contract is a true and accurate copy of the original contract between the county and PHS. It is unclear if plaintiff disputes the existence of a contract to provide healthcare entered into between the defendant and third-party defendant. Other than a conclusory statement that Ms. Rousseau is "not competent" to testify to the document's authenticity, plaintiff offers no further explanation for doubting that the attached contract is what it purports to be.

Plaintiff's argument to strike Exhibit E, the affidavit of Lorraine Rousseau authenticating the attached policies of the Bristol County House of Correction, is even more inexplicable.  Again, not only does Ms. Rousseau state that she is a licensed attorney employed by the Bristol County House of Correction, a review of the policies reveals that they were all signed by Ms. Rousseau and approved by her as to content and form. The defendants are unaware of another individual who would be more competent to attest to the authenticity of these policies than Ms. Rousseau herself.

**<u>Exhibit C</u>**

Plaintiff seeks to have Exhibit C also stricken. Exhibit C is the mittimus sentencing the decedent to 2 ½ years at the Bristol County House of Correction. Plaintiff

5

contends that this exhibit should be stricken because it is not an original or certified copy. Defendants simply included the mittimus to provide the Court with some background information regarding the decedent's incarceration. Notwithstanding the fact that the exhibit is not material to the summary judgment motion, and the fact that defendants are not aware of plaintiff challenging the legality of decedents incarceration, the defendants assert that the document is self authenticating.

Pursuant to Rule 902 of the Federal Rules of Evidence, extrinsic evidence of authenticity as a condition precedent is not required with respect to, among other documents, those that are domestic public documents under seal and domestic public documents not under seal. If the document lacks a seal, it is self-authenticating if it purports to bear the signature, in the official capacity, of an officer or employee of a political subdivision, department, officer or agency "…of the United States or of any state, district .." Fed.R.Evid. 902(1) and Fed.R.Evid. 902(2).

A review of the copy of the mittimus reveals that it appears to contain a seal, although it is illegible. However, the mittimus does contain the signature of the clerk magistrate as well as the docket number of the criminal case. The name Kevin J. Cunningham, First Justice, appears in a box marked "Witness." The plaintiff does not state that she is contesting the fact that the decedent was sentenced to 2 ½ years for receiving stolen property. The argument appears to be merely a technical one. Therefore plaintiff's motion to strike the mittimus should be denied.

**Exhibit D**

With respect to Exhibit D, the affidavits of Linda Goodale and Kristina Duarte, plaintiff's moves to strike these exhibits as well as Prison Health Services' attached

progress notes of its care of the decedent. Defendants maintain that the affidavits and records should not be stricken.

Pursuant to Rule 1006 of the Federal Rules of Evidence:

> "The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time place. The court may order that they be produced in court."

The Court should not strike the affidavit of Nurse Linda Goodale because it merely seeks to summarize the medical records to reflect the number of times that the decedent was seen by medical staff during the six month period preceding his death, pursuant to Rule 1006 of the Federal Rules of Evidence. Ms. Goodale is certainly qualified to summarize these records. In her affidavit she states that she is a registered nurse with thirty-two years of professional experience as well as a masters degree. (Exhibit D attached to Defendants' Motion for Summary Judgment, ¶2). She also states that she reviewed the entire medical record of John Horton and she details the number of appointments and tests conducted during this time period. (Exhibit D attached to Defendants' Motion for Summary Judgment, ¶¶3-13) Nurse Goodale does not offer any diagnosis or opinion as to the medical treatment rendered to the decedent, but merely provides a summary of the number of appointments, prescriptions and referrals contained within the last six months of the medical records. The progress notes from which the information was derived are attached to the affidavit. The progress notes are authenticated by the affidavit of the Director of Nursing Kristina Duarte. Therefore, it is

clear that Ms. Goodale is competent, pursuant to Rule 1006 of the Federal Rules of Evidence to render such a summary, and her affidavit should not be stricken.

The Court should not strike the affidavit of the Kristina Duarte because it is clear from her affidavit that she has personal knowledge of the records. The plaintiff alleges that the affidavit of Ms. Duarte should be stricken because the medical records were "routinely produced and or falsified … after fatalities and/or injuries to inmates." (Plaintiff's Motion to Strike, ¶3) The plaintiff states that the medical records lack credibility, are not reliable and are hearsay and therefore should be stricken. (Plaintiff's Motion to Strike, ¶3) As her basis for this assertion, plaintiff submits an affidavit of a former employee of Prison Health Services, Inc.

As a preliminary matter, Kristina Duarte is certainly competent to testify as to the authenticity of the decedent's medical records. She clearly states in her affidavit that she is employed by the Bristol County House of Correction as the Director of Nursing.

The Court should not strike the medical records because they have been properly authenticated by Ms. Duarte and the plaintiff has no admissible evidence that the records are not credible. The plaintiff's assertion that the medical records lack credibility, is meritless.

Defendants request that the Court strike the affidavit of Maria Tavares Iafrate (attached to Plaintiff's Motion to Strike) as hearsay. Ms. Iafrate was deposed by the defendants on September 6, 2005. It is clear from reading Ms. Iafrate's affidavit that she lacks any personal knowledge with respect to the medical record of the decedent John Horton. Her affidavit is replete with conjecture and speculation, and thus, must be stricken from the record.

Ms. Iafrate states that when she was told by counsel of the existence of the plaintiff's medical records she stated that they "must have been changed." (Affidavi of Maria Iafrate, ¶4) She further states in her affidavit that records were "almost always" and "frequently" changed and that she "…would have been surprised if Mr. Horton's record had not been changed." (Affidavit of Maria Iafrate, ¶5) She goes on to state that after a mortality there was "almost always" an effort to "clean up" records." There is absolutely nothing contained within Ms. Iafrate's affidavit that would in anyway suggest that she had any personal knowledge that Mr. Horton's medical record had been altered in anyway. On that basis, her affidavit must be stricken.

Moreover, the deposition testimony of Ms. Iafrate also reveals her lack of personal knowledge with respect to the medical records. Ms. Iafrate was fired by PHS on October 3, 2002. (See Exhibit A, Deposition testimony of Maria Tavares Iafrate, pages 14-15, lines 21-24 and line1) At her deposition she was specifically asked about her familiarity with the decedent's medical record:

Q. And did you ever have custody of his medical records?

A. No.

Q. You never reviewed his file, is that correct?

A. Right.

Q. Did you know his medical condition at the time?

A. No.

(See Exhibit B, Deposition transcript of Maria Tavares Iafrate, page 32 lines 5-11).

Ms. Iafrate is clearly not competent to testify as to (or dispute) the authenticity of the decedent John Horton's medical records. Therefore, defendants request that Ms. Iafrate's affidavit be stricken from the record.

**WHEREFORE**, the Defendant Dartmouth House of Correction, Bristol County and Third Party Defendant, PHS, respectfully request that this Honorable Court deny the Plaintiff's Motion to Strike Exhibits B,C,D and E attached to defendants' joint motion for summary judgment. Defendants also request that this Court strike the affidavit of Maria Iafrate attached as Exhibit A to the plaintiff's Motion to Strike.

Respectfully submitted,

| | |
|---|---|
| Dartmouth House of Correction, Bristol County, By their attorney, | Prison Health Services Inc<br><br>By their attorneys, |
| */s/ Regina Ryan (meb)*<br>Regina Ryan, Esq. BBO# 565246<br>Merrick, Louison & Costello<br>67 Batterymarch Street<br>Boston, MA  02110<br>(617) 430-0305 | */s/ Mary Eiro-Bartevyan*<br>Victor J. Koufman, BBO #545296<br> Mary Eiro-Bartevyan, BBO #558970<br>Koufman & Frederick, LLP<br>265 Essex Street, Suite 301<br>Salem, MA  01970<br>(978) 745-2212 |

## CERTIFICATE OF SERVICE

I, Mary Eiro-Bartevyan, attorney for Prison Heath Services, Inc. hereby certify that I have this **13th day of January 2006**, forwarded a copy of the foregoing, Prison Health Services, Inc's. Opposition to the Plaintiff's Amended Complaint by first-class mail, postage prepaid, to:

*Plaintiff's Counsel*
Robert Proulx, Esq.
Proulx Law Associates, PC
170 High Street
Suite 301
Taunton, MA  02780

*Counsel for Bristol County, and Dartmouth House of Correction*
Douglas Louison, Esq
Regina Ryan, Esq.
Merrick, Louison & Costello
67 Batterymarch St
Boston, MA 02110
(617)439-0305


/s/ Mary Eiro-Bartevyan
Mary Eiro-Bartevyan


I:\Clients\PHS\Horton\Pleadings\Opposition to Plaintiff's Motion to Amend.doc

11